**UNITED STATES v. SCALISE.**

Cr. No. 38215.

United States District Court E. D. New York.

Nov. 2, 1949.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y. (John J. Minett, Jr., Asst. U. S. Atty., Brooklyn, N. Y. of counsel), for plaintiff.

Frank B. Di Giovanna, Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This is a motion for an order vacating and setting aside the sentence imposed upon

the defendant in this court on January 30, 1941, "for the reason that it is vague and indefinite and discharging the defendant from further custody, for relief as provided by 28 United States Code, Section 2255 [28 U.S.C.A. § 2255]".

 That section, as amended May 24, 1949, clothes a prisoner under sentence who claims the right to be released, with the power to impugn the jurisdiction of the sentencing court, or to show that the sentence was in excess of the authorized maximum "or is otherwise subject to collateral attack", by motion addressed to the sentencing court.

The question now sought to be raised is that at the imposition of the challenged sentence the court did not state whether it was to run concurrently with a sentence then being served by the defendant in a New York State penal institution as the result of his conviction of a crime under the laws of New York for an offense entirely unrelated to the one involved in his prosecution in this court, or consecutively thereto.

It is true that there was no such statement made by the court in pronouncing the sentence of January 30, 1941. Had there been an intention to impose a concurrent sentence to the one then being served by the defendant for the New York State offense, that would have been stated. The choice not to express such a purpose was deliberate.

The statutory provision then governing the time when a sentence should begin to run for a federal offense was contained in Title 18 U.S.C.A. § 709a, which has been reenacted without change of substance in Title 18 U.S.C.A. § 3568, specified the date to be that when the offender was received at the federal institution. Apparently in this case that was October 3, 1947, which was the date therefore when his 3 ½ years term began for his federal offense.

The subject was examined by Judge Underwood sitting in the Northern District of Georgia, Atlanta Division, in Habeas Corpus proceeding No. 2257, with the result that the writ was dismissed. That decision was affirmed in Scalise v. Sanford, 5 Cir., 170 F.2d 72.

The questions presented were so similar to the contentions now urged, that nothing further need be said in denying this motion.

The cases of Vanover v. Cox, Warden, 8 Cir., 136 F.2d 442, and Rawls v. United States, 10 Cir., 166 F.2d 532, contain helpful discussions.

Motion denied. Settle order.