**STREWL v. McGRATH,**
Attorney General.

No. 10821.

United States Court of Appeals
District of Columbia Circuit.

Decided June 26, 1951.

Mr. John L. Laskey, Washington, D. C., (appointed by this Court) for appellant.

Mr. Robert M. Scott, Asst. United States Atty., Washington, D. C., with whom Messrs. George Morris Fay, United States Atty., and Joseph M. Howard, Asst. United States Atty., Washington, D. C., were on the brief, for appellee.

Before CLARK, BAZELON, and FAHY, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia dismissing the appellant's complaint for a declaratory judgment which sought to require the Attorney General to credit appellant's federal sentence with time served while appellant was under a state sentence.

The appellant and others were indicted on February 10, 1937, in the United States District Court for the Northern District of New York for violation of Section 37 of the Criminal Code and Section 338a of Title 18 U.S.C.[1] Prior to that time the appellant had been serving a state sentence of fifteen years for a crime committed against the State of New York. On May 22, 1937, a writ of habeas corpus ad prosequendum was issued by the said federal district court to the Warden of the New York State Prison to produce the appellant for trial in that district court and after the trial to return the appellant to the New York State Prison. The appellant was brought to the district court, convicted, sentenced on five counts of the indictment for a period of fifty-eight years, and returned immediately to the New York State Prison to continue serving his state sentence. The appellant, here, then appealed to the Circuit Court of Appeals for the Second Circuit and in January, 1938, that court granted motions of the several defendants for an extension of time to settle the bill of exceptions on the condition that

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 876.

each appellant would file a written election to enter upon the service of his sentence. Such an election was filed by the appellant on January 19, 1938. The Circuit Court of Appeals affirmed the sentence of the appellant on two of the five counts and reversed on three counts. 99 F.2d 474. This reduced his total federal sentence to twenty-two years.

On September 23, 1944, the U. S. Marshal received appellant from the Warden of the New York State Prison and delivered him to the Warden of the U. S. Penitentiary at Atlanta, Georgia, where he is now imprisoned under the twenty-two year sentence imposed by the federal court. The Attorney General has determined that the date of the federal sentence began to run on September 23, 1944, the date he was received by the U. S. Marshal from the Warden of the New York State Prison. Consequently the date determined by the Attorney General upon which the appellant will be eligible for parole is January 22, 1952.

The appellant contends, on appeal to this court, that because he was directed by the Circuit Court of Appeals for the Second Circuit to elect to begin serving his time while his case was on appeal, his time began to run upon the filing of the election. The appellant's argument proceeds on the theory that if his federal sentence did not begin to run upon the filing of the election, the direction of the Circuit Court of Appeals would have no effect.

■ The appellant is quite familiar with the rule that when a prisoner is in the custody of a state and the federal government receives him for the purposes of trial only, the sentence imposed by the federal court does not begin to run until the state has exhausted its demands against him and yields him to the federal government. Zerbst, Warden v. McPike, 5 Cir., 1938, 97 F.2d 253; Rohr. v. Hudspeth, Warden, 10 Cir., 1939, 105 F.2d 747; Lunsford v. Hudspeth, Warden, 10 Cir., 1942, 126 F.2d 653; Vanover v. Cox, Warden, 8 Cir., 1943, 136 F.2d 442. The appellant does not deny this rule but, on the contrary, he contends that it is inapplicable since in none of the above cases had the prisoner filed an election.

■ As a practical matter, it is apparent to this court that the order of the Court of Appeals for the Second Circuit requiring the appellant to elect was due to the fact that he was tried with other co-defendants to whom the election was intended to apply. Nevertheless the appellant did make an election. That such an election is inoperative is neither the fault of the appellant nor the Circuit Court of Appeals for the Second Circuit. The election to serve had no effect in the face of 47 Stat. 381, 18 U.S.C. § 709a [2] which was then in effect and provided:

"the sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary * * * for service of said sentence: * * *. No sentence shall prescribe any other method of computing the term."

The statute speaks for itself, but this section was construed in the above mentioned cases and each held that a federal sentence imposed on a defendant while in a state custody could begin to run only when the defendant is received into the custody of the Attorney General for service of the federal sentence.

Both counsel for the Government and the Court-appointed attorney for the appellant were unable to find a case in which the question of an election, as presented here, has arisen. We have likewise been unable to find such a case. In view of the cases cited above and Section 709a of Title 18 we believe the rule must remain in this situation as it was applied to situations where no election had been made. The rule laid down in the Zerbst, Rohr, Lunsford and Vanover cases stands unchallenged while Section 709a prohibits the exception, which the appellant requests us to make to the rule, from becoming operative. Consequently, we believe that the trial court quite properly dismissed the appellant's complaint.

Affirmed.

2. 1948 Revised Criminal Code, 18 U.S.C.A. § 3568.