## UNITED STATES v. DE FILLIPPO.

### Cr. No. 384–50.

United States District Court
Third D. New Jersey.
Nov. 25, 1952.

---

1. Cf. Huebner v. United States, 6 Cir., 28 F.2d 929; United States v. Lophansky, D.C. Pa., 232 F. 297.

Grover C. Richman, U. S. Atty., Newark, N. J., for government.

George R. Sommer, Newark, N. J., for defendant.

SMITH, District Judge.

This defendant was heretofore convicted on his plea of guilty to the second count of an indictment which charged him and others with a violation of section 659 of Title 18 U.S.C., 18 U.S.C.A. § 659, to wit, the receipt and possession of goods and chattels previously stolen from an interstate shipment. The defendant was thereupon sentenced to a term of imprisonment. The matter is before the Court at this time on a motion to vacate, set aside and correct the sentence, filed under Section 2255 of Title 28 U.S.C., 28 U.S.C.A. § 2255.

### Facts

#### I.

There was filed in the Municipal Court of Jersey City, New Jersey, a complaint which charged one "Richard Roe" with a violation of the laws of New Jersey, R.S. 2:110–2, N.J.S.A. 2:110–2, to wit, assault with intent to kill; the complaint was filed on March 3, 1951. The defendant in the present case was apprehended and taken into custody by the representative of the Police Department of Jersey City on March 9, 1951, and he was thereafter held as a material witness pursuant to R.S. 2:187–19, N.J.S.A. 2:187–19. The record discloses that upon his failure to give bond he was detained in the City Prison until June 5, 1951, when he was committed to the Hudson County Jail. The local authorities retained jurisdiction over the person of the defendant until November 8, 1951, when he was discharged and then surrendered to the United States Marshal.

#### II.

While the defendant was in the City Prison awaiting disposition of the proceedings pending in the Municipal Court, the warden delivered him to the United States Marshal in obedience to a writ of habeas corpus ad prosequendum which commanded the production of the defendant before this Court for the purpose of sentence and his subsequent return to the local authorities. The said writ issued on May 15, 1951, and in obedience thereto the defendant was brought before this Court on May 18, 1951, when sentence was imposed. Thereafter the defendant was promptly returned to the warden of the City Prison.

#### III.

The defendant was committed to the Hudson County Jail on June 5, 1951, on the order of the Municipal Court, and he was held in custody by the local authorities until November 8, 1951, when he was discharged on the order of the Hudson County Court and then delivered to the United States Marshal, who took him into custody. The local authorities retained exclusive jurisdiction over the person of the defendant from March 9, 1951, when he was apprehended by them, until November 8, 1951, when he was discharged.

### Discussion

The defendant argues in support of his present motion that his term of im-

prisonment commenced on May 18, 1951, when sentence was imposed, and not on November 8, 1951, when the local authorities surrendered jurisdiction over his person and delivered him to the United States Marshal. The argument is without merit. Crimes and Criminal Procedure, 18 U.S.C.A. § 3568; Gunton v. Squier, 9 Cir., 185 F.2d 470; Stamphill v. United States, 10 Cir., 135 F.2d 177; Rohr v. Hudspeth, 10 Cir., 105 F.2d 747; Zerbst v. McPike, 5 Cir., 97 F.2d 253. The sentence of the defendant did not commence to run until the latter date, when he was delivered to the United States Marshal and the federal authorities acquired exclusive jurisdiction over his person; prior to that date exclusive jurisdiction over his person was retained by the local authorities. Ibid.

The defendant was in the custody of the local authorities, and the courts of the State had a right to retain jurisdiction over his person until the proceedings were terminated or the defendant discharged. There was no authority in this Court to wrest the defendant from that custody or jurisdiction. It is well established that when "the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has been exhausted, to the exclusion of the courts of the other sovereign. That rule rests upon principles of comity, and it exists between federal and state courts." Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866. See also Stamphill v. United States, supra, 135 F.2d at page 178; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, 655. These principles would seem to be equally applicable where, as here, a person is held as a material witness in a criminal case pending in the state courts.

The defendant here relies upon the case of Smith v. Swope, 91 F.2d 260, which, in our opinion, is not applicable. The reading of the cited case discloses that at the time of sentence the prisoner was in the exclusive custody of the United States Marshal, who, after sentence had been imposed, surrendered him to the local officials in disobedience of the commitment and without authority. The court there held that under the circumstances the sentence commenced to run when the prisoner was delivered to the marshal for the service of sentence, and that the sentence "was not subject to modification by the unauthorized act of the marshal in surrendering the prisoner * * to the state authorities."

### Conclusion

The grounds urged in support of the present motion are without merit for the reasons herein stated, and the motion will therefore be dismissed.