The **UNITED STATES** of America,
Plaintiff-Appellee,

v.

Robbie **RAYMOND**, Defendant-
Appellant.

No. 139, Docket 23309.

United States Court of Appeals,
Second Circuit.

Argued Jan. 11, 12, 1955.

Decided Jan. 26, 1955.

---

———◆———

C. W. Wickersham, Jr., Asst. U. S. Atty., Brooklyn, N. Y. (Leonard P. Moore, U. S. Atty., and Richard C. Packard, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Henry Singer, Brooklyn, N. Y. (Harry Silver, Brooklyn, N. Y., on the brief), for defendant-appellant.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

 Judge Abruzzo correctly held that in the absence of special designation pursuant to 18 U.S.C. § 3568 defendant's federal and state sentences cannot be considered to have been served simultaneously. Strewl v. McGrath, 89 U.S.App.D.C. 183, 191 F.2d 347, certiorari denied 343 U.S. 906, 72 S.Ct. 637, 96 L.Ed. 1325. This is particularly true where, as here, the prisoner was surrendered by state authorities under a writ of habeas corpus ad prosequendum before the state trial and sentence. And although the judge first considered himself free to amend his old sentence to achieve concurrence of sentences, his decision upon reconsideration that he was not empowered to do so is also correct. Since the original sentence was in no way illegal, other grounds for attack were foreclosed by the 60-day limitation of F.R.Cr.P., rule 35, on motions for the correction or reduction of sentence. Nor does F.R.Cr.P., rule 32(d), providing for a delayed withdrawal of a plea of guilty "to correct manifest injustice," avail the defendant; even if he had entertained hope, when he made his plea, that the sentences eventually to be imposed would run concurrently, his disappointment does not show the injustice required. See United States v. Weese, 2 Cir., 145 F.2d 135.

Affirmed.