UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph JAZOREK, Defendant-
Appellant.

No. 11449.

United States Court of Appeals
Seventh Circuit.

Nov. 8, 1955.

Charles E. White, River Falls, Wis., for appellant.

Robert Tieken, U. S. Atty., Anna R. Lavin, John Peter Lulinski, Asst. U. S. Attys., of counsel, for the United States.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

DUFFY, Chief Judge.

Defendant was sentenced in 1931 by the Circuit Court of Iroquois County, Illinois, to imprisonment in the Illinois State Penitentiary for a period of 32 years by one sentence, and for a period of 1 year to life by another sentence, the court directing that said sentences be served concurrently.

Later, on November 23, 1931, defendant was arraigned in the United States District Court for the Northern District of Illinois, Eastern Division, on indictments returned in Cases Nos. 23551, 23552 and 23553. In Case No. 23551 the Court sentenced defendant to be confined in a federal penitentiary for ten (10) years on Count one, for five (5) years on Count two and for two (2) years on Count three of the indictment, sentences " * * * to run concurrently with each other and to run consecutively with and follow sentence imposed in the State Court." Similar sentences were imposed in Cases Nos. 23552 and 23553.

On June 23, 1947 defendant petitioned the United States District Court for the Northern District of Illinois, Eastern Division, to vacate the sentences imposed by that Court on November 23, 1931. The Court appointed counsel to represent defendant and issued a writ of *habeas corpus ad prosequendum,* directing that the Warden of the Illinois State Peni-

tentiary produce the defendant in court. This was done. .

On October 6, 1947, the Court, largely on the basis of our decision in United States ex rel. Chasteen v. Denemark, etc., 7 Cir., 138 F.2d 289, determined that the sentence imposed in Case No. 23551 was lacking in certainty and definiteness and should be and was vacated. Because the sentences in Cases Nos. 23552 and 23553 depended upon the sentence in Case No. 23551, they were likewise vacated. Thereupon the Court imposed the following sentence:

"Ordered by the Court and is the sentence and judgment of the court upon the plea of guilty so interposed herein as aforesaid that the defendant Joseph Jazorek alias Joseph Jazorak be committed to the custody of the Attorney General of the United States or his duly authorized representative for and during a period of ten (10) years on Count one and for a period of five (5) years on Count 2, sentences on said counts to run concurrently with each other."

It will be noted that the sentence thus imposed was exactly the same as had been imposed in November, 1931, except all reference to the State Court sentences was eliminated.

On July 21, 1953, defendant was released from the Illinois State Penitentiary and was delivered to the custody of the United States Marshal; he was incarcerated in the United States Penitentiary at Leavenworth, Kansas, where he still is confined.

On February 10, 1955 defendant filed a motion in the District Court pursuant to Title 28 U.S.C.A. § 2255 to vacate the sentences imposed on him on October 6, 1947. This motion was denied and this appeal followed. It is the contention of the defendant that his federal court sentence commenced to run on October 6, 1947, the date when he was re-sentenced in that court. It is the position of the government that the federal sentence commenced to run on July 21, 1953, the date when defendant was released from

state custody and was delivered to the custody of the United States Marshal.

In urging that defendant has now served his federal court sentence, he quotes from 15 Am.Jur., Criminal Law, 126, § 471:

"* * * ordinarily, where a person under sentence for a crime is convicted and sentenced for another offense in a different court, the sentences run concurrently unless the judgment in one stipulates that imprisonment shall commence at the expiration of imprisonment upon the other conviction or a statute provides a different rule."

Defendant also relies upon 15 Am.Jur., Criminal Law, 110, § 449:

"As a general rule, in the absence of statute, the date for the beginning of the service of a term of imprisonment, when not fixed in the sentence and not legally stayed, is the day of the sentence."

In sum, defendant urges that the federal court sentence herein ran consecutively with the state court sentences since there is a total absence of any provision in the federal court judgment designed to make them consecutive to the state court sentences. However, it is immaterial to the defendant whether it be held that the federal court sentence commenced to run concurrently on November 23, 1931 or October 6, 1947 because, in either case, he would have completed the term imposed under the state court judgment.

The government relies upon Title 18 U.S.C.A. § 3568 which provides:

"§ 3568. *Effective date of sentence*

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of de-

tention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

Defendant points out that § 3568 became effective on June 25, 1948 which was more than nine months after defendant was re-sentenced. Defendant insists that to try to relate this statute back to the date when he was re-sentenced would make it an unconstitutional *ex post facto* law. However, defendant overlooks the fact that there was in full force and effect on October 6, 1947 a statute the terms of which were quite similar to those of § 3568. This statute, 18 U.S.C., 1940 ed. § 709a, 47 Stat. 381, became effective on June 29, 1932 and reads as follows:

"The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

Attorney Charles E. White of River Falls, Wisconsin, was appointed by this Court to represent the defendant on this appeal. He has done so in a conscientious and efficient manner and we wish to thank him for his services.

The District Court was correct in denying the motion to vacate the sentences imposed on October 6, 1947.

Affirmed.