**UNITED STATES of America**

v.

**Ralph HARRISON.**

Crim. No. 405-53.

United States District Court
D. New Jersey.

Dec. 9, 1957.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Clyde A. Szuch, Asst. U. S. Atty., Newark, N. J., for the Government.

James J. Sheeran, Newark, N. J., for defendant.

WILLIAM F. SMITH, District Judge.

The defendant was heretofore convicted on his plea of guilty to each of four separate counts of a criminal information which charged him and another with violations of Sections 1708 and 495 of Title 18 U.S.C., 18 U.S.C.A. §§ 1708 and 495, to wit, theft of mail and forgery. The defendant was later sentenced to a term of imprisonment. It should be noted that the judge who imposed the sentence is now deceased. The matter is before the Court at this time on a motion to vacate, set aside and correct the sentence, filed by the defendant under Section 2255 of Title 28 U.S.C., 28 U.S.C.A. § 2255.

### Facts

It appears from the presentence report that the defendant was first apprehended and held for questioning by members of the Police Department in Jersey City, New Jersey, on April 23, 1953. The circumstances which led to his apprehension are not relevant at this time. Thereafter, there were lodged with the United States Commissioner two complaints, one of which charged the defendant with a violation of Section 1708 of Title 18 U.S.C.A., to wit, theft of mail, and the other of which charged him with a violation of Section 495 of Title 18 U.S.C.A., to wit, forgery.

The defendant was apparently surrendered to the federal authorities, and while in their custody was arraigned before the United States Commissioner on April 28, 1953. He waived prelimi-

nary examination and was thereupon released on his personal recognizance. It appears from the events which later occurred that the defendant at the time of his arraignment, and thereafter, was a parolee subject to the jurisdiction of the Pennsylvania Board of Parole, and, although a fugitive, was in its constructive custody. A reference to his status is contained in the presentence report under the subtitle "Prior Record."

While the defendant was at liberty awaiting disposition of the federal charges, there was filed in the Municipal Court of Jersey City, New Jersey, a complaint which charged that the defendant was a fugitive from justice. This complaint was filed on May 6, 1953, and process issued on the same date. The defendant was apprehended on the said date and thereafter was arraigned before the Honorable Morris E. Barrison, Judge of the said Court. He was held without bail and committed to the Hudson County Jail to await extradition to Pennsylvania. The commitment contained a limitation of thirty days, but it appears that the defendant was held more than thirty days notwithstanding this limitation. This statement of fact is predicated not only on the "agreed Statement of Facts" filed herein, but also on the original docket entries of the Municipal Court.

The defendant was produced in this court on October 30, 1953, in obedience to a writ of habeas corpus ad prosequendum which issued on an order entered on October 23, 1953. The defendant thereupon executed a "Waiver of Indictment," by the express terms of which he waived prosecution by indictment and consented to prosecution by information. The information referred to in our initial paragraph was filed, and thereupon the defendant entered a plea of guilty to each of the four counts therein contained. The defendant was immediately returned to the Hudson County Jail in obedience to the said writ.

The defendant was again produced in this court on March 5, 1954, in obedience to a writ of habeas corpus ad prosequen-dum which issued on an order entered on February 25, 1954. The sentence to which reference is hereinafter made was imposed and the defendant was thereafter immediately returned to the Hudson County Jail in obedience to the said writ. A detainer was filed with the Warden of the Hudson County Jail on March 22, 1954 while the defendant was still in custody. It appears from the records of this court that a writ of habeas corpus ad prosequendum was issued earlier, to wit, on November 12, 1953, but this writ was returned unexecuted.

A transcript of the record discloses that Judge Modarelli, now deceased, pronounced sentence as follows: "Mr. Harrison, you are hereby committed to the custody of the Attorney General's authorized representative for imprisonment for a period of two years." This record also discloses that a similar sentence was imposed on a co-edefendant, one Herbert Daughtry. At the conclusion of the proceedings the Assistant United States Attorney directed the Court's attention to the fact that there were four counts in the information. Judge Modarelli then stated: "On each count, to run concurrently."

There can be little doubt as to the intention of the Judge. The pertinent provision of the Judgment and Commitment reads as follows: "It is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Two (2) Years on each of Counts 1, 2, 3 and 4, to run concurrently." This provision appears to be clearly consistent with the sentence as pronounced in open court. It is important to note that Judge Modarelli, in the imposition of sentence, made no reference to the proceedings then pending against the defendant in the Municipal Court of Jersey City.

The defendant remained in custody of the Warden of the Hudson County Jail until April 26, 1954, when he was surrendered to one Robert N. Diffenderfer, a parole officer of the State of Pennsyl-

vania. It appears from the records maintained by the Warden of the Hudson County Jail that the surrender of the defendant was effected after the defendant had executed a "Waiver and Consent" pursuant to the provisions of N.J.S.A. 2A:160–30. The said "Waiver and Consent" was executed before the Honorable Paul J. Duffy, a Judge of the Hudson County Court, Law Division, in accordance with the provisions of the said statute.

The defendant, upon his return to the State of Pennsylvania, was committed to the Pennsylvania State Prison, where he was incarcerated until May 26, 1956, at which time he was reparoled and placed under the supervision of the parole authority of the State of Connecticut. Thereafter, the defendant remained at liberty until April 24, 1957, when he was apprehended on a warrant of arrest issued out of this court in April 18, 1957.* The defendant is presently confined in the Federal Correctional Institution at Danbury, Connecticut, on the sentence imposed by Judge Modarelli, supra.

### Discussion

The defendant argues in support of his present motion that the term of imprisonment imposed in this court commenced on March 5, 1954. He argues further that as a consequence the term of imprisonment under the federal sentence ran concurrently with his servitude in the Pennsylvania State Prison. We are of the opinion that the argument is without merit. Crimes and Criminal Procedure, 18 U.S.C.A. § 3568; United States v. Jazorek, 7 Cir., 226 F.2d 693; Zahn v. Kipp, 7 Cir., 218 F.2d 898; Strewl v. McGrath, 89 U.S.App.D.C. 183, 191 F.2d 347, certiorari denied 343 U.S. 906, 72 S.Ct. 637, 96 L.Ed. 1325; Gunton v. Squier, 9 Cir., 185 F.2d 470; Stamphill v. United States, 10 Cir., 135 F.2d 177; Rohr v. Hudspeth, 10 Cir., 105 F.2d 747. The term of imprisonment under the federal sentence commenced to run when the defendant was apprehended and committed to the Federal Correctional Institution; prior to that time exclusive jurisdiction over the person of the defendant was retained by the state authorities. ' Ibid.

The situation here presented is governed by the express provisions of Section 3568 of Title 18 U.S.C.A., which provides: "The sentence of imprisonment of any person convicted of any offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail *for service of said sentence.*" (Emphasis by the Court.) It is therein further provided: "If any such person shall be committed to a jail or other place of detention *to wait transportation* to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention." (Emphasis by the Court.) The initial paragraph of this statute is clearly applicable here.

When the defendant was apprehended on process issued out of the Municipal Court the state authorities acquired exclusive jurisdiction over his person and had a right to retain that jurisdiction until the proceedings there pending against him were concluded. The argument of the defendant that at the time of his arrest and commitment by the state authorities this court had exclusive jurisdiction over his person is without merit. The mere fact that the defendant was at liberty on bail awaiting disposition of the federal charges then pending against him was no obstacle to his arrest and commitment under the process of a state court of competent jurisdiction. Hebert v. Louisiana, 272 U.S. 312, 316, 47 S.Ct. 103, 71 L.Ed. 270; United States ex rel. Moses v. Kipp, 7 Cir., 232 F.2d 147, 150; Mitchell. v. Boen, 10 Cir., 194 F.2d 405, 407. It is well established that in the absence of any objection by the federal authori-

---

* It should be noted that there appears to be a discrepancy between the date as stated in the "Agreed Statement of Facts" and the date as it appears from the records of the court; we have accepted the latter date as the correct one.

ties, the state authorities had a right to retain jurisdiction over the person of the defendant, and this they did. Ibid.

It is uniformly recognized that when "the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has been exhausted, to the exclusion of the courts of the other sovereign. That rule rests upon principles of comity, and it exists between federal and state courts." Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866; Strewl v. McGrath, supra, 191 F.2d 348, and the cases therein cited. We are of the opinion that this rule is applicable in the instant case.

When the defendant was produced in this court on March 5, 1954, he was produced in obedience to a writ of habeas corpus ad prosequendum, which commanded his production solely for the purpose of sentence. This same writ ordered his return to the Hudson County Jail after the imposition of sentence. There was clearly no intent to wrest the defendant from the jurisdiction and custody of the state authorities; in fact, we entertain some doubt as to the right of the federal authorities to demand exclusive custody of the defendant under the circumstances of the instant case. When the defendant was returned to the Hudson County Jail it was to await disposition of the proceedings then pending against him in the state court and not transportation to a federal institution. The proceedings in the state court were thereafter concluded, and upon the defendant's execution of the "Waiver and Consent," supra, he was surrendered to a parole officer of the State of Pennsylvania.

The defendant argues that in the absence of a specific direction as to the order in which the term of imprisonment imposed in this court was to be served, the servitude thereunder must be regarded as concurrent with his servitude in the Pennsylvania State Prison. The defendant relies upon the generally recognized rule of presumptive concurrence, to wit, where two or more terms of imprisonment are imposed by the *same court*, or courts of concurrent jurisdiction, the sentences and the servitudes thereunder must be construed as concurrent in the absence of a specific direction that they shall be consecutive. We are of the opinion that the rule is not applicable, where, as here, one sentence is imposed by the state court and the other by the federal court. Zahn v. Kipp, Rohr v. Hudspeth, both supra; Zerbst v. McPike, 5 Cir., 97 F.2d 253; United States v. Scalise, D.C., 86 F.Supp. 908. The commencement of the term of imprisonment imposed by a federal court is governed by statute, supra, which specifically provides: "No sentence shall prescribe any other method of computing the term."

The defendant also urges in support of his present motion the case of Smith v. Swope, 9 Cir., 91 F.2d 260, which was discussed by this Court in the case of United States v. De Fillippo, D.C., 108 F.Supp. 410, 412. We therein stated: "The reading of the cited case discloses that at the time of sentence the prisoner was in the exclusive custody of the United States Marshal, who, after sentence had been imposed, surrendered him to the local officials in disobedience of the commitment and without authority. The court there held that under the circumstances the sentence commenced to run when the prisoner was delivered to the marshal for the service of sentence, and that the sentence 'was not subject to modification by the unauthorized act of the marshal in surrendering the prisoner * * * to the state authorities'." The case sub judice is not comparable. The defendant here was not in the exclusive custody of the United States Marshal at the time the federal sentence was imposed, but was in the exclusive custody of the Warden of the Hudson County Jail under a commitment issued out of the state court. The principle of the cited case is therefore not applicable here.

The defendant further complains that upon his reparole by the Pennsylvania authorities he was at liberty for almost

a year before he was apprehended on the federal warrant and subsquently committed to the Federal Correctional Institution. This was truly an unfortunate circumstance, but it did not make the federal sentence a complete nullity. See Mitchell v. Shank, D.C., 105 F.Supp. 274. It may be a factor which the federal authorities may take into consideration upon the defendant's application for parole, but it will not avail him here.

### Conclusion

The motion of the defendant will be dismissed as without merit for the reasons herein stated.