748

Lisondro Melindez VERDEJO, Petitioner,

v.

John T. WILLINGHAM, Warden, United
States Penitentiary, Lewisburg, Penn-
sylvania, Respondent.

No. 395.

United States District Court
M. D. Pennsylvania.

Jan. 23, 1961.

FOLLMER, District Judge.

Lisondro Melindez Verdejo presently
serving a sentence at the United States
Penitentiary, Lewisburg, Pennsylvania,
has filed an application, in forma pau-
peris, for a writ of habeas corpus. The
petition being incomplete, a Rule to Show
Cause issued in order that the pertinent
facts might be developed.

An Information (on waiver of Indict-
ment) was filed against him in the United
States District Court for the Eastern
District of New York on May 27, 1958,
and a plea of not guilty entered. This
plea was changed to guilty on June 2,
1958. Being at large on his own recog-
nizance during this period, he was taken
into custody by the State authorities of
New York on a State charge. He was
produced before the United States Dis-
trict Court for sentence on June 12, 1958,
pursuant to a writ of habeas corpus ad
prosequendum, sentenced to two and one-
half years on Counts Three and Four of
the Information, and pursuant to the

writ, was returned to the custody of the State authorities. Having become eligible for release on or about October 16, 1959, on the State sentence he had been serving during the intervening period, he was, pursuant to a detainer which had been lodged against him, delivered by the State authorities to the custody of the Federal authorities and committed to the United States Penitentiary, Lewisburg, Pennsylvania, on October 19, 1959, under the sentence imposed by the United States District Court for the Eastern District of New York. His contention appears to be that his Federal sentence was served concurrently with his State sentence and that he is entitled to release.

18 U.S.C. § 3568 provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: * * *

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

While he was under the exclusive jurisdiction of the State authorities serving the State sentence he was not serving the Federal sentence. The generally recognized rule of presumptive concurrence, to wit, where two or more terms of imprisonment are imposed by the same court, or courts of concurrent jurisdiction, the sentences and the servitudes thereunder must be construed as concurrent in the absence of a specific direction that they shall be consecutive, is not applicable where as here one sentence is imposed by the State court and the other by the Federal court. Moreover, the mere fact that the defendant was at liberty on bail awaiting disposition of the Federal charges then pending against him was no obstacle to his arrest and commitment under the process of a State court of competent jurisdiction. The precise situation here involved has been repeatedly passed upon. There is no question but that defendant did not commence serving his Federal sentence until he was turned over to the Federal authorities after his release from Sing Sing Prison.[1]

The application for writ of habeas corpus must be denied.

---

1. United States v. Harrison, D.C.N.J.1957, 156 F.Supp. 756; United States v. Frazier, D.C.N.D.Cal.1957, 150 F.Supp. 724; Hayward v. Looney, 10 Cir., 1957, 246 F.2d 56; Kellett v. United States, D.C.W.D.Mo., 1958, 162 F.Supp. 791; Zahn v. Kipp, 7 Cir., 1955, 218 F.2d 898; Howell v. Hiatt, D.C.M.D.Pa., 1944, 55 F.Supp. 142; Mitchell v. Boen, 10 Cir., 1952, 194 F.2d 405; Strewl v. McGrath, 1951, 88 U.S.App.D.C. 183, 191 F.2d 347; Harrell v. Shuttleworth, 5 Cir., 1952, 200 F.2d 490.