John M. FINNEGAN

v.

UNITED STATES of America.
Civ. A. No. 7976.

United States District Court
M. D. Pennsylvania.
Feb. 28, 1963.

John M. Finnegan, pro se, U. S. Penitentiary, plaintiff, represented himself.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for defendant the United States.

FOLLMER, District Judge.

A Motion to Vacate and Set Aside Sentence under 28 U.S.C. § 2255 has been filed by John M. Finnegan who was sentenced in this Court on June 17, 1953, to Criminal No. 12345. He and one Gerald Eugene Doughty were jointly indicted, were arraigned and tried together, and both were serving State sentences at the time.

The present motion is in part a repetition of matters previously raised and dismissed as premature in a Memorandum and Order of this Court of April 18, 1962 (filed to Criminal No. 12345, supra). He claims credit on his Federal sentence for the period served under a second State sentence. The facts were stated in this Court's Memorandum of April 18, 1962, as follows:

"* * * while serving a State sentence he was produced in Federal court under a Habeas Corpus Ad Prosequendum, on June 16, 1953, tried, and on June 17, 1953, convicted and sentenced 'for a period of Five (5) Years; sentence to commence at the expiration of, or legal release from the service of sentence he is now serving in the Eastern State Penitentiary of Pennsylvania.' The sentence was imposed by Judge Watson, now deceased. Defendant was then, in accordance with the Writ, returned to the State authorities. While serving the State sentence, another State sentence was imposed. He says that he completed the service of the first State sentence on September 2, 1957 and is presently serving the second State sentence, and that he is informed a detainer is lodged against him on the Federal sentence and that upon completion of the second sentence he will be turned over to the Federal authorities. His contention is that un-

der the language of the Federal sentence, it was served concurrently with the second State sentence."

He now states:

"For the benefit of the Court, and for the record, the petitioner wishes to correct an erroneous statement appearing in a memorandum dated April 18, 1962 and signed by the Honorable Judge Frederick V. Follmer, wherein it was stated that the petitioner, after being returned to the Eastern State Penitentiary from the Federal trial in June of 1953, had another State sentence imposed. This is incorrect. The last State sentence imposed on the petitioner was on September 9, 1952, by the Honorable Linus Hoban in the Courthouse at Scranton, Pennsylvania. This was at least nine (9) months before the Federal trial."

■ Assuming he had the two consecutive State sentences at the time the Federal sentence was imposed, this would not change the result. He would have been in State custody until completion of his State sentence. In the Memorandum of April 18, 1962, it was stated:

"* * * The commencement date of every prison term as prescribed by 18 U.S.C. § 3568 is included by implication in every Federal sentence, and any provision to the contrary is surplusage. The Federal sentence cannot commence until the State relinquishes its custody. United States v. Ayscue, D.C.E.D. N.C., 187 F.Supp. 946 (1960), aff. 4 Cir., 287 F.2d 887 (1961); McIntosh v. Looney, 10 Cir., 249 F.2d 62 (1957); Harrell v. Shuttleworth, 5 Cir., 200 F.2d 490 (1952); Zahn v. Kipp, 7 Cir., 218 F.2d 898 (1955); United States v. De Fillippo, D.C. N.J., 108 F.Supp. 410 (1952); United States v. Jazorek, 7 Cir., 226 F.2d 693 (1955), cert. den. 350 U.S. 975 [76 S.Ct. 452, 100 L.Ed. 845]; United States v. Raymond, 7 Cir., 218 F.2d 952 (1955); Casper Brockett v. J. T. Willingham, Warden, H.C. No. 394, D.C.M.D.Pa., aff. [3 Cir.], 292 F.2d 839; cf. United States v. Hough, D.C.S.D.Calif., 157 F.Supp. 771 (1957) (holding, inter alia, that a Federal sentence cannot be made to run concurrently with a State sentence.)" And see also Verdejo v. Willingham, Warden, D.C. M.D.Pa., 198 F.Supp. 748 (1961), aff. 3 Cir., 295 F.2d 506.

■ His second contention is that the Court in the Middle District of Pennsylvania was without jurisdiction to try him. Judge Watson on an application by his codefendant Doughty (also filed in Criminal No. 12345) and equally applicable here, correctly disposed of this matter in an Opinion filed February 20, 1956, in which he said, inter alia:

"Petitioner contends that this Court lacked jurisdiction because the crime with which he was charged did not occur within the Middle District of Pennsylvania. This contention is without merit. Section 3237 of Title 18 U.S.C.A. provides, in part:

" 'Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.'

"The records and files in this case disclose that the crime was initiated in New York and was continued in Pennsylvania when petitioner crossed from New York into Pennsylvania. Therefore, petitioner became subject to the jurisdiction of this Court."

This calls for no further comment.

■■ He contends that he was denied his constitutional right to a speedy trial. On this matter Judge Watson in his Opinion of February 20, 1956, as to the codefendant Doughty and likewise equally applicable here, stated:

"Petitioner's contention that he was denied a speedy trial is without

merit. The files and record disclose that petitioner was indicted March 18, 1953; that an order for a warrant of arrest was issued March 23, 1953, and that petitioner was sentenced by this Court on June 17, 1953. The interval between the date of petitioner's arrest and the date on which sentence was imposed was less than three months, which indicates that petitioner was accorded a prompt and speedy trial despite his protests to the contrary."

Moreover this was an afterthought conceived by the defendant after his conviction and sentence. It was not raised prior to trial and was waived, Petition of Provoo, D.C.Md., 17 F.R.D. 183 (1955).[1]

■■ The motion contains an allegation, "The petitioner was denied the privilege to confer privately with his Court appointed lawyers." This was previously raised by Doughty and disposed of in Judge Watson's Opinion of February 20, 1956, as follows:

"Petitioner's reasons in support of his motion for relief set forth in ground (5) are also without merit. The transcript of the proceedings of June 8, 1953, discloses that immediately after counsel was appointed to represent petitioner in this case, the Court suggested that a guard accompany petitioner and his counsel to a room adjoining the courtroom. Neither petitioner nor his counsel registered an objection to such procedure at that time. However, the Court was and is fully aware that a prisoner has the right to consult privately with his counsel, secure in the knowledge that their conversation will not fall upon unauthorized ears. Upon motion of counsel for petitioner, the date fixed for petitioner's arraignment was postponed by the Court from June 8, 1953 to June 16, 1953. The postponement provided petitioner and his counsel

with sufficient time in which to privately discuss the case. If they failed to do so, such failure may not be assigned as error on the part of the Court."

A careful review of the files, including the transcripts of the Court proceedings on June 8, 16 and 17, 1953, leaves no room for doubt as to the correctness of Judge Watson's determination as being equally true as to Finnegan.

■ The Indictment, under 18 U.S.C. § 1201, charged that the defendant and Doughty did transport in interstate commerce from New York State to Pennsylvania a certain person "who had theretofore been unlawfully seized, kidnapped, abducted, carried away, and held in a motor vehicle by the said defendants for the purpose, in them, the said defendants, and each of them, of fleeing from the said State of New York after having held up and robbed the said Alvin H. Thiel, Sr." Petitioner now contends (as Doughty previously did) that the reference to the robbery renders the Indictment defective. In the Opinion of February 20, 1956, Judge Watson correctly held:

"Petitioner contends that the indictment was defective because it charged him with a crime for which he was not tried. It is a well established rule of law that the sufficiency of an indictment may not be attacked in a proceeding under § 2255, unless it is so obviously defective as not to charge an offense under any reasonable construction. Walker v. United States of America, 7 Cir., 1955. 218 F.2d 80. An examination of the indictment discloses that it did set forth fully and adequately that petitioner was charged with the crime for which he was subsequently convicted and, therefore, the indictment may not now be attacked collaterally."

But even had this been raised before trial, it would have been without merit.

---

1. See transcripts of defendant's appearances in court covering appointment of counsel, arraignment and sentence dated June 8, 16 and 17, 1953.

Had such reference to the "purpose" been omitted from the Indictment it might have been held insufficient, United States v. Varner, 7 Cir., 283 F.2d 900 (1961).

The Motion to Vacate and Set Aside Sentence being totally without merit, Order denying the same will be entered.