**UNITED STATES of America,**

v.

**Charles TOMAIOLO, Defendant.**

**No. 69–C–12.**

United States District Court
E. D. New York.

Jan. 17, 1969.

## MEMORANDUM AND ORDER

ABRUZZO, District Judge.

Charles Tomaiolo, presently an inmate at the United States Penitentiary at Leavenworth, Kansas, petitions this Court *pro se,* in a petition entitled "Motion For Credit For Jail Time, Rule 35, Federal Rules of Criminal Procedure." Petitioner apparently makes this application pursuant to Rule 35 F.R.C.P., which is not applicable, but in the interest of justice, this Court will treat this as an application under 28 U.S.C. Section 2255.

This case has a long history in this Court. Petitioner was convicted before me under counts 1 and 2 of an indictment charging violation of Title 18 U.S.C. Sec-

tions 371 and 2113(a) respectively. After a fourth trial this Court, on April 14, 1961, imposed a sentence of five years on count 1 and twenty years on count 2. Recently petitioner applied to this Court for an "Order Reducing The Sentence Under Count 2 To A Term Not Exceeding Fifteen (15) Years As Originally Imposed Under That Count on November 15, 1956." In one of his previous convictions under this indictment before Judge Bruchhausen in 1956 petitioner was given a sentence, on count 2, of fifteen years. Petitioner, in support of his application, cited the case of Patton v. North Carolina, 256 F.Supp. 225 (W.D.N.C.1966), 381 F.2d 636 (4 Cir., 1967) and others. After reading the cases cited by petitioner and the decision of Judge Mishler of this Court in Paroutian v. United States, 297 F.Supp. 137, No. 67–C–692 (E.D.N.Y.), decided February 14, 1968, it was apparent that this Court should not have sentenced this petitioner to more than fifteen years on count 2. Accordingly, on June 18, 1968, this Court filed a Memorandum Opinion and Order directing that the sentence previously imposed on April 14, 1961, be modified and reduced to fifteen years as to count 2 and the Clerk was directed to enter the proper order to effectuate this reduction of sentence.

In his present application, petitioner moves this Court for an "Order Creding (sic) the Final Judgment and Commitment in the above case that the time movant was confined in jail after imposition of the original sentence, November 15, 1956 up to and including July 18, 1961."

In essence, petitioner states that he was originally sentenced to fifteen (15) years on count 2 on November 15, 1956 and "the commitment relative to service was silent. Subsequent commitments provided for consecutive service of the sentence to a New York State sentence." He contends as follows:

"It is the position of the movant that the original sentence (Judgment and Commitment) of November 15, 1956 is controlling and the Court was with-

out authority to enhance the original sentence in its subsequent judgments. Patton v. State of North Carolina, 381 F.2d 636. The Court in adding the enhanced sequence of sentence to the prior commitments increased the original sentence. This was a violation of the Fifth Amendment."

He further contends that since his original commitment did not specify consecutive service of the Federal sentence to the New York State sentence, he is entitled to the benefit of any doubt that may exist and he therefore should be entitled to concurrent service of his Federal sentence with the State sentence he was serving commencing November 15, 1956.

After careful study of the record in this Court and the records of the United States Probation Office and Bureau of Prisons the following was adduced: On February 1, 1941, petitioner was convicted of robbery, second degree (armed) in the Kings County Court, Brooklyn, New York. On April 2, 1941 he was sentenced to 7½ to 15 years for robbery second degree, plus an additional 5 to 10 years for armed robbery. Petitioner thereafter was released on parole in March of 1950. On January 24, 1956 he was arrested for parole violation and was returned, as a parole violator, to Sing Sing Prison on January 25, 1956, with a maximum expiration date February 9, 1966 and eligible for parole at any time after May 12, 1958.

On November 15, 1956, Judge Bruchhausen, at the first trial, sentenced petitioner under counts 1 and 2 of the indictment mentioned at the outset charging violation of Title 18 U.S.C. §§ 371 and 2113(a) respectively, along with a third count. Petitioner, at the time of his sentencing was incarcerated on the New York State sentence. The entry on the docket sheet on file in this Court reads as follows:

11/15/56 before Bruchhausen, J. Def's Soviero, Tomaiolo and Catapano and their counsel present. Deft Tomaiolo is sentenced to be imprisoned for 5 years on count 1, 15 years on count 2 and 22 years on count 3 sentences to run concurrently. Deft Catapano is sentenced to be imprisoned for 5 years on count 4, count 1 is dismissed as against Catapano on motion of Asst. U. S. Atty Gleidman, sentence as to Soviero, adj to Nov. 29, 56 Judgments & Commitments Filed; copies Del'd to Marshal.

Thus it is clear from the record that Judge Bruchhausen's Federal sentence of Tomaiolo on three counts was to run concurrently. Nothing, however, was said as to the State sentence petitioner was then serving.

On April 14, 1961, when petitioner was before this Court for sentencing as above mentioned, he was still in State custody for violation of parole charges and this Court in his commitment provided the Federal sentence to run after defendant completed his State sentence. Petitioner was released from State custody and his Federal sentence began July 18, 1961.

In 1961, Section 3568 of Title 18 U.S. C.A., provided as follows:

"§ 3568. *Effective date of sentence; credit for time in custody prior to the imposition of sentence.* The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence." * * *

The language of that section is clear and unambiguous and provided and still provides in its newly amended form that any Federal sentence shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of said Federal sentence. The sentence of this Court provided that the defendant be remanded to the custody of the Attorney General. The Attorney General thereupon returned this defendant to the New York State penitentiary to complete his State sentence.

* * * * * *

The Federal District Court must commit a prisoner to the custody of the Attorney General, who determines the particular penitentiary for prisoner's confinement and has no power to commit a prisoner to a State penitentiary. Mahoney v. Johnston, C.C.A.Cal.1944, 144 F.2d 663, certiorari denied 324 U.S. 853, 65 S.Ct. 711, 89 L.Ed. 1413. The designation of a place of confinement is no part of a judicial sentence and is nothing more than surplusage.

The Attorney General of the United States, by statute [18 U.S.C.A. § 4082(a)], is given the right to designate where a sentence shall be served. Any recommendation of the District Court that a Federal sentence run concurrently with the State sentence then being served in a State Prison is surplusage and can be disregarded by the Attorney General. Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967); Hamilton v. Salter, 361 F.2d 579 (4th Cir. 1966); Bateman v. United States, 277 F.2d 65 (8th Cir. 1960); Montos v. United States, 261 F.2d 39 (7th Cir. 1958); Bowen v. United States, 174 F.2d 323 (10th Cir. 1949); Cook v. United States, 171 F.2d 567 (1st Cir. 1948) cert. denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088 (1949).

The commencement date of every prison term, as prescribed by Section 3568 of Title 18, is included by implication in every Federal sentence and any provision to the contrary is surplusage. United States v. Ayscue, D.C.N.C.1960, 187 F.Supp. 946, affirmed 4 Cir., 287 F.2d 887.

When a State surrenders a prisoner to the Federal Government for the purpose of criminal trial, the judgment and sentence on conviction in the Federal Court does not begin to run if the prisoner is re-delivered to State authorities, until the prisoner is thereafter returned to Federal custody and received at a Federal penal institution for service of the Federal sentence. Williams v. Taylor, C.A.Kan. (1964), 327 F.2d 322, certiorari denied 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051.

In United States v. Raymond, 218 F. 2d 952 (C.A.2d), it was said (page 953):

"Judge Abruzzo correctly held that in the absence of special designation pursuant to 18 U.S.C. § 3568 defendant's federal and state sentences cannot be considered to have been served simultaneously. Strewl v. McGrath, 89 U.S.App.D.C. 183, 191 F.2d 347, certiorari denied 343 U.S. 906, 72 S.Ct. 637, 96 L.Ed. 1325. * * *"

Thus it is clear that petitioner's Federal sentence did not commence until July 18, 1961 when he was received in Federal custody. It is also clear that his Federal and State sentences cannot be considered to have run simultaneously.

For the above reasons, petitioner's application must be denied. A copy hereof is to be sent to petitioner.

It is so ordered.