Steve GOMORI, Jr.

v.

Floyd ARNOLD et al.

No. 75–519 Civ.

United States District Court,
M. D. Pennsylvania.

Aug. 6, 1975.

Steve Gomori, Jr., pro se.

S. John Cottone, U. S. Atty., Laurence Kelly, Asst. U. S. Atty., Scranton, Pa., for respondents.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Steve Gomori, Jr., presently an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, has petitioned the Court, in forma pauperis, for a writ of habeas corpus. The sole issue presented for disposition involves the effective date of service of a six-year federal sentence he is now serving which was imposed by the U. S. District Court for the Northern District of West Virginia. This is one of four separate sentences petitioner has served or is serving since April 29, 1970. The material facts regarding his multiple sentences are not in dispute. Their chronology is as follows:

On February 6, 1969, petitioner received his first sentence from a Pennsylvania state court and received a sentence of five to fifteen years. He appealed and was released on bail

pending disposition of the appeal. On September 8, 1969, he was sentenced in the U. S. District Court for the Northern District of West Virginia for transporting stolen property in interstate commerce. He was committed to the custody of the Attorney General for a period of six years. No reference was made by the sentencing judge to the prior Pennsylvania sentence nor was any recommendation made that the two sentences be served concurrently. He was again released on bail pending appeal.

Petitioner was next sentenced in an Ohio state court on April 29, 1970, and was committed on that date to the Marion State Correctional Institution for a period of one to seven years. On January 19, 1971, he was produced from state custody to the U. S. District Court for the Northern District of Ohio for sentencing following his conviction in that Court on charges of uttering counterfeit obligations and embezzlement in violotion of 18 U.S.C. §§ 472 and 641. He received concurrent sentences of three and five years respectively on the two convictions, both under the provisions of 18 U.S.C. § 4208(a)(2). The sentencing judge recommended that the federal sentence be served concurrently with the state sentences he was then serving and further recommended that the Attorney General designate the Marion State Institution or any other state institution as the place for serving that federal sentence. In addition, if petitioner was paroled from the Ohio state

sentence prior to the expiration of the federal sentence, the Court recommended that he be transferred to a Pennsylvania institution to serve his Pennsylvania sentence and that the Pennsylvania institution be designated as the place for serving the balance of his federal sentence.[1] No reference was made to the prior West Virginia sentence.

On April 29, 1971, petitioner was paroled from his Ohio state sentence and transferred to Pennsylvania to begin service of that sentence. He received his Pennsylvania parole on February 20, 1974, and was transferred to Lewisburg for service of the West Virginia federal sentence. Respondent computes the effective date of that sentence as February 20, 1974, the first date petitioner was received in federal custody. Petitioner on the other hand, contends that the effective date of his West Virginia sentence was triggered on January 19, 1971, when the sentencing judge in the Ohio federal court recommended that a state institution be designated as the place of service for that federal sentence. Petitioner asserts that his position is mandated by 18 U.S.C. § 3568, which provides in pertinent part:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."

---

1. At page 12 of the transcript the sentence colloquy provides in part as follows:

". . . therefore it is the order and judgment of this Court and the recommendation of this Court that the Attorney General of the United States designate the State institution in which you are presently confined in the State of Ohio, or any other State institution in the State of Ohio to which you may be subsequently transferred for any reason, as the place for serving this Federal sentence.

"It is further ordered that at such time as you are released from State custody in the State of Ohio, or such time as you are released for any purpose either having served the sentence or paroled prior to the serving of the State sentence in Ohio, that you not be detained or retained in Federal custody or transferred to a Federal institution to serve the balance of this sentence, but rather that you be released to the State of Pennsylvania and to commence serving the State of Pennsylvania sentence. The Court at that time will then designate and does hereby designate for the balance of any sentence that there may be remaining with respect to this Federal sentence, the Court will then and does hereby designate and recommend that the Attorney General of the United States designate any State institution in Pennsylvania for the serving of the balance of this Federal sentence." (emphasis supplied)

Petitioner urges that once the Attorney General accepted the Ohio federal judge's recommendation that the Ohio state institution be designated as the place for service of the Ohio federal sentence, petitioner was then in federal custody for all purposes under § 3568, including the service of his prior West Virginia federal sentence. However, as will be seen below, petitioner's argument does not survive close scrutiny.

 Once a federal offender is sentenced, the sentencing judge must commit him to the custody of the Attorney General who designates the particular institution for service of the sentence. The commencement date of every federal prison term, as prescribed by 18 U.S.C. § 3568, is the date such person is received at the federal institution for service of such sentence. Where a federal sentence is imposed while the prisoner is serving a state sentence, the federal sentence does not begin to run until the offender is received in federal custody to commence serving that sentence. *See United States v. Kanton,* 362 F.2d 178 (7th Cir. 1966); *United States v. Farmer,* 343 F.Supp. 955 (E.D.Tenn. 1972); *Verdejo v. Willingham,* 198 F. Supp. 748 (M.D.Pa.1961). Furthermore, the recognized rule of presumptive concurrence in the absence of a specific directive that the sentences be served consecutively, has no application where, as here, one sentence is imposed by a state court and the other by a federal court. *See Verdejo v. Willingham,* 198 F.Supp. *supra.*

 A federal court has no power or authority to commit a prisoner to a state penitentiary. *United States v. Janiec,* 505 F.2d 983 (3d Cir. 1974); *United States v. Tomaiolo,* 294 F.Supp. 1296 (E.D.N.Y.1969). Only the Attorney General or his authorized representative may designate the place of confinement where a federal sentence is to be served. 18 U.S.C. § 4082; *Hamilton v. Salter,* 361 F.2d 579 (4th Cir. 1966); *United States v. Farmer,* 343 F.Supp. *supra.* Hence, any recommendation by a district court that a federal sentence shall run concurrently with a state sentence and be served simultaneously in the state institution is mere surplusage in the sentence and may be disregarded entirely by the Attorney General. *See e g. United States v. Janiec,* 505 F.2d *supra; Hash v. Henderson,* 385 F.2d 475 (8th Cir. 1967); *Hamilton v. Salter,* 361 F.2d *supra; Verdejo v. Willingham,* 198 F.Supp. *supra.*

Thus, in the instant case, when the federal judge in Ohio recommended that the sentence on the Ohio federal charge run concurrently with the state sentence petitioner was then serving, it was nothing more than a request to the Attorney General that he designate the Ohio and Pennsylvania state prisons as the place for serving the *Ohio* federal sentence. This request could have been totally disregarded by the Attorney General. It was only because of this request and the subsequent designation by the Attorney General that any credit was given on the *Ohio* federal sentence for the time served in the state prisons.

 No such designation was requested or made with respect to the West Virginia sentence.[2] In the absence

---

2. Indeed, it appears the opposite result was intended, as evidenced by letter dated April 23, 1975, from H. Marshall Homer, Chief Probation Officer for the Northern District of West Virginia, to Mr. E. O. Toft, Regional Director of the Bureau of Prisons, in which Mr. Homer responded to Mr. Toft's request of him to ascertain Judge Maxwell's intention in imposing petitioner's sentence. Mr. Homer's response provides in pertinent part:

"As you no doubt recall, Gomori did not appear in our court after the mandate was returned from the Fourth Circuit Court of Appeals to serve his sentence given in our court, because he was in state custody at the time, and was in state custody off and on until February of 1974. Judge Maxwell's intention was that the sentence in our court was not to begin until Gomori was returned to federal custody. He had no intention of running any federal sentence concurrent with any state sentence as was done in the Northern District of Ohio."

of such a designation, § 3568 clearly provides that that sentence would not commence until petitioner was received in federal custody for the service of that sentence. To adopt petitioner's theory of having both federal sentences commence on the same date while in state custody would afford the Ohio federal court power it does not have.[3] Moreover, it would have the effect of negating the sentence of the West Virginia federal judge who made no request that a state institution be designated for service of the federal sentence. Thus, it is clear that petitioner's sentence from the Northern District of West Virginia did not commence to run until he was received in federal custody in Lewisburg on February 20, 1974.

Therefore, for the reasons stated above, petitioner's request for a writ of habeas corpus must be denied.

3. In any event, it does not appear that the Ohio federal court intended its recommendation to extend to the West Virginia federal sentence. Nothing was said concerning it and the language used limits his request to the Ohio federal sentence. *See* n. 1 infra.