UNITED SHOE WORKERS OF AMERICA, AFL–CIO, Plaintiff,

v.

MARANNE SHOE COMPANY, Defendant.

Civ. A. No. 62–792.

United States District Court
D. Massachusetts.

April 18, 1963.

Albert L. Goldman, Grant, Angoff, Goldman & Manning, Boston, Mass., for plaintiff.

Walter M. Espovich, Haverhill, Mass., for defendant.

SWEENEY, Chief Judge.

The union brought this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to compel arbitration of a dispute in accordance with its agreement with the defendant company, and it has now moved for summary judgment. The company argues that the motion should be denied as 1) factual issues exist which must be resolved at a trial, 2) the plaintiff has a remedy under the Massachusetts statutes, ch. 150C, M.G.L.A., and 3) the dispute is not arbitrable.

The complaint alleges that the parties entered into a collective bargaining agreement on December 31, 1960 and that the union is the recognized collective bargaining agent of certain employees. Further, the plaintiff charges that a dispute arose during the life of the agreement and that the company refused to submit it to arbitration in accordance with paragraph 16 of the agreement.

The answer denies that the union was, at the time this action was instituted, the exclusive bargaining agent of the company's employees. Since, however, the answer admits the execution of the agreement as alleged by the plaintiff, and the plaintiff's uncontradicted affidavit shows that the termination provisions had not been invoked, the answer does not raise a genuine issue of fact. Similarly, the defendant's denial that a dispute exists is refuted by the affidavits and the documents attached to them. The defendant's denial of the allegation that it has a place of business in Haverhill, Massachusetts, and makes shoes is immaterial in view of paragraph 12[1] of the contract and the statement in the affidavit that the provisions of paragraph 12 have not been invoked.

Implied in the company's second objection to the motion, that the plaintiff has a remedy in the state court, is the contention that this court is, therefore, without jurisdiction. The defendant cites no authority for this proposition and the language of Section 301,[2] the

---

1. "The bona fide liquidation of the business of the FIRM shall automatically terminate this contract, provided, however, that upon such bona fide liquidation the FIRM shall immediately give notice in writing thereof to the UNION: otherwise, the terms of this agreement shall continue in effect and remain binding upon the FIRM even though the name thereof may change and regardless of where the business of the FIRM shall be carried on."

2. "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

legislative history thereof and the decisions interpreting it[3] indicate a contrary view.

The thrust of the defendant's third argument, that the dispute is not arbitrable, is apparently contained in the assertion that there are factual questions whether the union has complied with all conditions precedent to arbitration. Insofar as the alleged factual issues are material and relevant, I have disposed of them above.

The company also seems to contend that the issue of arbitrability must be decided by the Massachusetts Superior Court under ch. 150C. However, just as the existence of a remedy in the state court will not oust this court of jurisdiction under Section 301, so also will the procedures established by state law not supersede the mandate of the Supreme Court concerning the function of the federal courts in these cases. There is now no doubt that this court must determine in the first instance "whether the reluctant party did agree to arbitrate the grievance" and whether he "has breached his promise to arbitrate," United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–1353, 4 L.Ed.2d 1409 (1960).

Paragraph 16 of the collective bargaining agreement provides for arbitration of "any dispute or controversy arising during the life of this agreement, which cannot be settled to the mutual satisfaction of both parties." Since this dispute did arise during the life of the agreement, I rule that it is arbitrable. This is not to suggest, however, that the arbitrator may not make an independent determination of arbitrability in accordance with the power given him under the agreement.

The plaintiff's motion for summary judgment is allowed.

3. Charles Dowd Box Co., Inc. v. Courtney, 368 U.S. 502, 83 S.Ct. 519, 7 L.Ed.2d 483 (1962); Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3rd Cir., 210 F.2d 623 (1954); International Plainfield Motor Co. v. Local No. 343, 123 F.Supp. 683 (D.C.N.J. 1954).