# 870

**MARANNE SHOE COMPANY, Defendant, Appellant,**

v.

**UNITED SHOE WORKERS OF AMERICA, AFL-CIO, Plaintiff, Appellee.**

**No. 6168.**

United States Court of Appeals First Circuit.

Oct. 22, 1963.

Dean E. Nicholson, Haverhill, Mass., with whom Espovich & Nicholson, Haverhill, Mass., was on brief, for appellant.

Albert L. Goldman, Boston, Mass., with whom Grant, Angoff, Goldman & Manning, Boston, Mass., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

The judgment of the District Court is affirmed on the opinion below. 222 F. Supp. 826.

**John M. FINNEGAN, Appellant**

v.

**UNITED STATES of America, Appellee.**

**No. 14406.**

United States Court of Appeals Third Circuit.

Submitted Oct. 18, 1963.

Decided Nov. 8, 1963.

John M. Finnegan, pro se.

Bernard J. Brown, U. S. Atty., and Harry A. Nagle, Asst. U. S. Atty., Lewisburg, for appellee.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

Appellant on March 8, 1953, was indicted in the court below for having knowingly and wilfully transported in interstate commerce from a point in the State of New York to a point in the Commonwealth of Pennsylvania, within the Middle District of Pennsylvania, a named person who had been unlawfully kidnapped and carried away by appellant and a named accomplice for the purpose of fleeing from the State of New York after having held up and robbed the kidnap victim. Later, at his request, the court assigned him counsel. Having pleaded not guilty to the indictment, appellant was tried under it on June 16 and 17, 1953. He was found guilty and sentenced to five years in a penal institution to be designated by the Attorney General. The sentence was to commence at the expiration of the sentences he was then serving in the Eastern State Penitentiary of Pennsylvania.

On January 14, 1963, he filed a motion under 28 U.S.C. § 2255 to vacate and set aside the above mentioned federal sentence. He contended that his federal sentence should run concurrently with his state court sentences; that the court below had no jurisdiction to try him; that he was denied his constitutional right to a speedy trial; that he was denied the right to confer privately with his lawyers and that he was denied due process of law because reference was made in the indictment and at the trial to the fact that his fleeing from the State of New York took place after he had committed a robbery.

All of the above points were discussed in detail and disposed of by Judge Follmer in the district court in his thorough, sound memorandum opinion, 223 F.Supp. 758. From our own study of the record we must agree with him that the motion is "totally without merit."

The judgment of the district court will be affirmed.