Application of Lyle **NELSON** for a Writ of Habeas Corpus.

No. 20232.

United States Court of Appeals, Eighth Circuit.

Dec. 1, 1970.

William J. Brauer, Rosebud, S. D., for appellant.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., and R. D. Hurd, Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT and BRIGHT, Circuit Judges, and NEVILLE, District Judge.

PER CURIAM.

Lyle Nelson appeals the district court's denial of his petition for a writ of habeas corpus. He seeks to credit approximately twenty-eight months spent in jail in Pennington County, South Dakota and in the South Dakota state penitentiary against a federal sentence of three-years imprisonment for interstate transportation of and conspiracy to transport stolen cattle. The district court, Judge Beck, refused to grant the requested credit. Appellee raises no question concerning jurisdiction or procedure. We affirm.

We briefly review the relevant and undisputed facts. Petitioner was convicted of the federal charges in the United States District Court for the District of South Dakota on October 7, 1966, but remained free on bond pending his appeal to this court. We dismissed the appeal on April 17, 1967, and filed our mandate with the district court, ordering the defendant to surrender himself to the United States Marshal for the District of South Dakota in execution of the judgment and sentence. Petitioner was unable to physically surrender because he was arrested by South Dakota law enforcement officers on April 19, 1967, and charged with third-degree burglary under South Dakota state law. While awaiting trial on this charge, petitioner was lodged in the Pennington County, South Dakota jail. He could not raise the $10,000.00 bail and therefore remained incarcerated in the county jail until July 18, 1967. At that time, a jury

found him guilty of the state charge and the court sentenced him to serve ten years in the South Dakota state penitentiary.

While in state custody, at both the Pennington County jail and the state penitentiary, petitioner requested that the United States Marshal take custody of him so that he could commence serving his federal sentence. The deputy marshal requested Pennington County officials to turn petitioner over to the federal government, but the county sheriff and the state's attorney refused any release unless Nelson provided bail. The United States Marshal did nothing further to obtain custody, except to file detainers with the Pennington County sheriff and, later, the state prison officials. Petitioner appealed and successfully reversed his state burglary conviction. *See* State v. Nelson, 169 N.W.2d 533 (S. D.1969). The state declined to retry him and released him to federal authorities during August, 1969, to serve his 1966 federal sentence. Judge Beck interrupted petitioner's federal incarceration by releasing him on bail pending hearing on his habeas corpus petition.

Petitioner urges the following propositions as a basis for obtaining credit on his federal sentence for his twenty-eight months of state incarceration: (a) while serving his state sentence, petitioner remained in constructive custody of the United States, and therefore, his imprisonment in the county jail and the state penitentiary constituted service of his federal sentence; and (b) unless he is given credit for his state incarceration, petitioner will serve approximately five years in prison for a three-year federal sentence, such result violating his Fifth Amendment right to due process and his Eighth Amendment right to be free of cruel and unusual punishment. On the latter contention, he argues that the demand for excessive bail by the state caused an extension of his federal sentence.

■ In considering these arguments, we first turn to the federal statute which expressly governs federal sentence cred-

it for time spent in custody. Section 3568 of Title 18, U.S.C., provides in pertinent part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. \* \* \*

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

\* \* \* \* \* \*

This statute dictates that a federal sentence remains without punitive operation until the United States obtains custody enabling and entitling it to enforce the sentence. Burge v. United States, 332 F.2d 171, 175 (8th Cir.), cert. denied, 379 U.S. 883, 85 S.Ct. 155, 13 L.Ed.2d 89 (1964).

To avoid the effect of the explicit language of the foregoing statute, petitioner constructs a syllogism. He reasons that while released on bond pending his federal appeal, he remained constructively in federal custody; that the mandate of this court issued contemporaneous with the dismissal of petitioner's federal appeal obligated the Marshal then to take him physically into federal custody; and that the Marshal's failure to fulfill this obligation should not prejudice petitioner. From these premises, petitioner concludes that he remained in constructive custody of the United States while physically held in the Pennington County jail and the South Dakota state penitentiary.

■ We find this reasoning specious. The state of South Dakota lawfully obtained physical custody of Nelson. This custody resulted from the act of South Dakota and not of the federal gov-

ernment. It is well-settled as between a state and the United States that the governmental entity holding physical possession of a defendant may proceed in its sovereign capacity with a trial, sentencing and imprisonment. Strand v. Schmittroth, 251 F.2d 590, 599 (9th Cir. 1957). *See* Nolan v. United States, 163 F.2d 768, 771 (8th Cir. 1947); Banks v. O'Grady, 113 F.2d 926, 927 (8th Cir. 1940). In *Banks,* this court remarked:

> * * * when a person has violated the criminal statutes of two different sovereigns, it is for the sovereigns and not the criminal to settle which shall first inflict punishment; * * * [113 F.2d at 927]

■ ■ When South Dakota authorities arrested Nelson and took him into custody, this custody represented state custody and not that of federal authorities. Having physical custody, the state of South Dakota was entitled to incarcerate petitioner notwithstanding the mandate calling for him to serve his federal sentence. Without the consent of state authorities, the Marshal possessed no means of enforcing the federal mandate. *See Strand, supra,* 251 F.2d at 599.

In Kellett v. United States, 162 F.Supp. 791 (W.D.Mo.1968), the district court denied habeas corpus relief under circumstances closely paralleling those in the instant case. The court noted, with respect to that petitioner:

> * * * pending his appeal to the Court of Appeals, he was released on bond. Upon his release, petitioner was no longer in the actual physical custody of federal authorities. And not being in that custody, he was not immune from arrest and prosecution by another sovereign. [162 F.Supp. at 794]

The court further stated:

> The petitioner, by his wrongful acts while free on bond pending his appeal, made it impossible for the United States to retake him upon disposition of the appeal. His federal sentence was tolled until he could be retaken by federal authorities. Under these cir-

cumstances, petitioner's federal sentence could not have run during the time he was in state custody and he is not entitled to have his state sentence or any part of it computed as service of his federal sentence. [162 F.Supp. at 796]

We find these comments most appropriate in the instant case.

To support his contention that his state incarceration constituted federal custody, petitioner cites Smith v. Swope, 91 F.2d 260 (9th Cir. 1937), and Albori v. United States, 67 F.2d 4 (9th Cir. 1933). We find these cases inapposite since in each, the United States acquired physical custody over the prisoner while being held in a nonfederal jail. Both courts specifically noted that the prisoner remained in jail subject to the control of the United States Marshal. Under these special circumstances, the federal prisoners were rightfully entitled to credit for state incarceration against their federal sentences.

■ Our previous comments also dispose of petitioner's constitutional arguments. Petitioner's obligation on his federal sentence is completely divorced from his state incarceration. We therefore conclude that the enforcement and service of the federal sentence does not violate petitioner's rights to due process under the Fifth Amendment nor constitute cruel and unusual punishment under the Eighth Amendment.

We have carefully considered petitioner's other arguments urging that the federal government credit him with time served in South Dakota jails on his state burglary charge. We find them without merit.

■ We note, however, that the district court, in its opinion, may have incorrectly stated that petitioner was not taken into federal custody until August 24, 1969. The record discloses that state officials held petitioner subject to a federal detainer for all or part of one month following the July 24, 1969 reversal of his state burglary conviction. The Attorney General must give petitioner ad-

ministrative credit for those days he was held by the state pursuant to a federal detainer as time "spent in custody in connection with the [federal] offense * * *." 18 U.S.C. § 3568; Davis v. Attorney General, 425 F.2d 238, 240 (5th Cir. 1970).

Affirmed.