Earl SPIGNER, aka Daniel Lovall Spigner, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 71-2300.

United States Court of Appeals, Ninth Circuit.

Dec. 22, 1971.

Earl Spigner, in pro. per.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Acting Chief, Crim. Div., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for defendant-appellee.

Before CHAMBERS, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

Spigner is now serving a term of six years in a federal penitentiary for a narcotics offense. The sentence was imposed May 2, 1966. He was admitted to bail pending appeal, and his federal appellate efforts were not exhausted until March 20, 1967. Apparently someone neglected to take him into custody during the ensuing 13 months.

Concurrently with his federal troubles, he was having California state troubles. There he was sentenced on a burglary charge on May 20, 1966, but he was on state liberty until April 24, 1968, when he exhausted his state appellate efforts. Spigner's state sentence provided he could receive state credit for time he spent serving his federal sentence. But while federal authorities slept, California picked him up. Now he has finished his state sentence and has been taken to a federal penitentiary to serve his narcotics sentence.

Now he complains the federal authorities had a duty to pick him up between April 24, 1967, and April 24, 1968, so he could get credit on his state sentence. The condition of the state sentence was

a privilege of which he knew and could have availed himself. He did not. He wants the federal courts to give him credit on his federal sentence for state time served.

It is an interesting concept that one may sue the federal government for not taking one into custody. We reject it here.

The district court order denying relief is affirmed. Cf. Application of Nelson, 8 Cir., 434 F.2d 748, and Opela v. United States, 5 Cir., 415 F.2d 231.