**Alan Gene KINCADE, Plaintiff,**

v.

**Edward H. LEVI et al., Defendants.**

**Civ. No. 77–652.**

United States District Court,
M. D. Pennsylvania.

Dec. 14, 1977.

**52**

## OPINION

MUIR, District Judge.

Kincade has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Respondents are detaining him in violation of his statutory rights by refusing to grant him credit for time served "in connection with" his federal sentence in a state prison in accordance with 18 U.S.C. § 3568. The action was originally filed in the United States District Court for the District of Connecticut on December 21, 1976 and transferred to this Court on July 15, 1977. On September 30, 1977, this Court denied Kincade's petition. On October 11, 1977, the Clerk's Office received a notice of appeal of that Order. In a letter dated October 26, 1977, Kincade asked the Clerk's Office to hold his notice of appeal and to file a motion for reconsideration which was filed in Scranton on October 28, 1977. However, on October 31, 1977, before that motion was received in Williamsport, this Court entered an Order refusing to certify that Kincade's appeal was not taken in good faith and allowing the appeal to proceed. Consequently, on November 9, 1977, the Court entered an order directing Kincade to submit a copy of his petition which he had filed in the United States Court of Appeals for the Third Circuit requesting permission to withdraw his appeal. Kincade filed such a petition in the Court of Appeals on November 14, 1977 but was informed by that Court that his appeal had not been docketed as of that date. F.R.App.P. 42(a) states that if an appeal has not been docketed the appeal may be dismissed by the District Court upon motion and notice by the appellant. On November 18, 1977, Kincade filed a petition to withdraw his appeal in this Court. Therefore, the Court will permit him to withdraw the appeal under F.R.App.P. 42(a) and will act upon his motion for reconsideration.

On May 28, 1974, Kincade was arrested by a United States Marshal on charges of violating 18 U.S.C. § 495. While free on bail pending resolution of that matter, he was arrested by Pennsylvania authorities on November 2, 1974 and incarcerated in the Beaver County Jail, Beaver, Pennsylvania. On November 4, 1974, pursuant to a writ of habeas corpus ad prosequendum, Kincade appeared in the United States District Court for the Western District of Pennsylvania, pled guilty to the federal offense, and was sentenced to a term of five years under former 18 U.S.C. § 4208(a)(2). Kincade was then returned to state custody.

Kincade was tried on the state offense on May 5, 1975 and a jury returned a guilty verdict. On March 10, 1976, he was sentenced to a term of 11½ to 23 months and was discharged to the federal detainer on April 19, 1976. On March 31, 1977, Kincade's state conviction was reversed by the Pennsylvania Superior Court because he was not brought to trial within 180 days of the filing of the complaint as required by Pennsylvania R.Crim.P. 1100(a)(2). Kincade contends that the time he spent in state custody between November 4, 1974 and April 19, 1976 should be credited to his federal sentence because it was time spent in connection with a federal sentence as defined in 18 U.S.C. § 3568.

18 U.S.C. § 3568 states that credit on a federal sentence should be given "for any days spent in custody in connection with the offense or acts for which sentence was imposed." Kincade originally alleged that the time spent in the Beaver County Jail was in connection with his federal sentence be-

cause he was unable to make bail due to the federal detainer which had been lodged against him. However, it was this Court's view that because Kincade had been sentenced to time served by the Court of Common Pleas of Beaver County that he had received credit for the time spent in the Beaver County Jail on his state sentence and that to allow a second credit on his federal sentence would violate the "functional approach" which Courts have taken in determining whether time spent in state custody was in connection with a federal offense under § 3568. *See Spence v. United States*, 452 F.2d 1198 (5th Cir. 1971); *Radcliffe v. Clark*, 451 F.2d 250 (5th Cir. 1971); *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); *Davis v. Attorney General*, 425 F.2d 238 (5th Cir. 1970); *Duval v. United States*, 385 F.Supp. 302, 304 (E.D.Pa.1974); *but see Bruss v. Harris*, 479 F.2d 392 (10th Cir. 1973).

In his motion for reconsideration, Kincade has alleged that he was denied the opportunity to begin serving his federal sentence because his indigent status precluded him from raising bail and that as a result he has served and will serve time in jail which a wealthier man would not have had to serve. Kincade alleges that this result violates the position taken by the United States Supreme Court when it reversed the holdings of the United States Courts of Appeals for the Second and Eighth Circuits in *United States v. Gaines*, 436 F.2d 1069 (2d Cir.), *rev'd* 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428 (1971) and *Application of Nelson*, 434 F.2d 748 (8th Cir. 1970), *rev'd* 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971). Because the facts of those cases are almost identical to Kincade's situation and the United States Supreme Court has apparently determined that a federal court may not refuse to grant a person in Kincade's position credit for state time served, the Court will vacate its earlier order denying Kincade's petition and will, after determining the proper amount of time to be credited, enter an order directing that he be given credit for the time served in the Beaver County Jail due to his indigency.

In *United States v. Gaines*, 436 F.2d 1069 (2d Cir. 1971), Gaines had been arrested on state charges while awaiting sentencing for a federal offense. He was subsequently sentenced on the federal charges but returned to state custody where he remained for over two years while the federal detainer was outstanding. His argument, rejected by the Court of Appeals for the Second Circuit, was that because bail had been set and Gaines was unable to raise it due to his indigency, he was denied the opportunity to begin serving his federal sentence on the basis of his lack of wealth. *See* Wagner, "Sentence Credit for 'Dead Time,'" 8 *Crim. L.Bull.* 393 (1972). In *Application of Nelson*, 434 F.2d 748 (8th Cir. 1970) (per curiam), Nelson had been arrested in 1967 while on bail pending his appeal of federal charges and he was convicted by the State of South Dakota. His conviction was subsequently reversed but he had spent 28 months in state custody and sought credit for that time on his federal sentence. The Court of Appeals for the Eighth Circuit rejected his argument that he would have begun to serve the federal sentence in 1967 if he had been able to raise bail on the state charges. Both Gaines and Nelson filed petitions for a writ of certiorari in the United States Supreme Court.

The United States, in a memorandum filed by the Solicitor General applicable to both cases, conceded that both Gaines and Nelson were prevented from commencing service of their federal sentences solely because of their indigence and that this was inconsistent with the Supreme Court's decisions in *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) and *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). *See* Wagner, "Sentence Credit for 'Dead Time,'" 8 *Crim.L.Bull.* 393, 403–404 (1972). The Supreme Court apparently agreed and vacated the decisions of the Courts of Appeals for the Seventh and Eighth Circuits on the basis of the Solicitor General's memorandum. *United States v. Gaines*, 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428 (1971); *United States v. Nelson*, 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d

428 (1971). Upon remand, both Gaines and Nelson were given credit for the time served in state custody.

It is clear that Kincade's situation is identical to that of Nelson and similar to that of Gaines. Had his conviction on state charges been affirmed it would have been correct to deny him credit for the time spent in state custody because that time would have been credited upon his state sentence and would have had to have been served regardless of whether he could make bail. However, once the conviction was reversed and the state could not retry him, the time became "dead time" and had Kincade been able to post bail he could have served that time in a federal penitentiary pursuant to his sentencing on federal charges. Therefore, he is entitled to credit for his "dead time." *See* Wagner "Sentence Credit for 'Dead Time,'" 8 *Crim.L. Bull.* 393 (1972).

The number of days which should be credited to Kincade's federal sentence depends, however, upon the date when bail was set. A letter from the Warden of the Beaver County Jail to Neil C. Aiello, an administrative assistant for classification and parole at the Federal Correctional Institution at Danbury, Connecticut, indicated that bail was never set for Kincade. On the other hand, a portion of the transcript of the proceedings in the Court of Common Pleas of Beaver County attached to Kincade's motion for reconsideration demonstrates the opposite, stating that District Magistrate Kirchner had set bond in the case at $20,000. Before the Court can order Respondents to credit Kincade with a certain number of days, it must ascertain the exact date when bail was set by District Magistrate Kirchner. Therefore, pursuant to its power to expand the record in a habeas corpus proceeding, the Court will direct District Magistrate Kirchner of Beaver County, Pennsylvania, or the person who has custody of his records, to submit within 15 days of the date of this Order an affidavit stating when bail of $20,000 was set for Kincade in the case of *Commonwealth of Pennsylvania v. Alan Kincade*, No. 97 of 1975 in the Court of Common Pleas of Beaver County, Pennsylvania (Criminal Division). When that information is received by this Court, an order will be entered directing Respondents to give Kincade credit for the number of days spent in state custody in connection with his federal offense under 18 U.S.C. § 3568.

An appropriate order will be entered.