Edward K. MURPHY, Petitioner,

v.

William NELSON, Warden Federal
Correctional Institute, Danbury,
Connecticut, Respondent.

No. B–77–320.

United States District Court,
D. Connecticut.

Dec. 14, 1977.

Edward K. Murphy, pro se.

Richard Blumenthal, U. S. Atty., Diana
Garfield, Asst. U. S. Atty., New Haven,
Conn., for respondent.

## MEMORANDUM OF DECISION

DALY, District Judge.

Petitioner, an inmate at the Federal Correctional Institution (FCI) at Danbury, seeks his immediate release. He contends his sentence has terminated and therefore

his continued incarceration is illegal. Petitioner's claim is without merit and his petition is denied.

Petitioner was arrested and indicted by Pennsylvania state authorities on charges of murder, aggravated robbery, burglary and conspiracy in the Spring of 1973. He was unable to post bond for the $100,000. bail and therefore was incarcerated at the Philadelphia County Prison at Holmsburg to await trial. In August of the same year petitioner was transferred by state authorities to the Philadelphia Detention Center to serve a three-month sentence for malicious mischief.

Federal authorities removed petitioner from the Philadelphia Detention Center on October 18, 1973 to bring him before the United States District Court for the Eastern District of Pennsylvania. At that time he was sentenced to a five-year term of imprisonment for violation of federal drug laws. Petitioner was returned immediately to the Philadelphia Detention Center to complete his state sentence for malicious mischief.

On July 22, 1974, petitioner was sentenced to four to ten years on the state charges of murder, aggravated robbery, burglary and conspiracy. He began serving this sentence two days later on July 24 and remained in state custody for slightly more than four years. On April 12, 1977 he was released on state parole to a United States marshal. The United States marshal conveyed petitioner to FCI where, on April 27, 1977, he arrived to serve his federal sentence.

■ The issue before this Court is whether petitioner's federal sentence began the date he was sentenced on his federal charge or the date he was released to the United States marshal. After reviewing the relevant authorities, this Court holds that petitioner's federal sentence commenced on April 12, 1977 when he was taken into custody by the United States marshal. The unequivocal language of 18 U.S.C. § 3568 and the weight of case law support this conclusion.

■ The controlling statute here is 18 U.S.C. § 3568. It states: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence." The command of the statute is clear and generally requires no elaboration. Judicial gloss has modified the statutory rule in cases where a defendant is received in the custody of the Attorney General's agents prior to arrival at the place of incarceration. In such cases, the sentence commences when the defendant is taken into federal custody. See United States v. Huss, 520 F.2d 598, 602 (2d Cir. 1975). Applying this test to the instant case, it is clear that petitioner's federal sentence commenced on April 12, 1977 when he was released by state authorities and taken into the custody of the United States marshal.

■ Petitioner contends that his sentence commenced on October 18, 1973 when he was sentenced by the federal court. This contention appears to be based on petitioner's belief that his federal and state sentences were to run concurrently. It is, however, clear from the record that the federal sentencing judge did not intend petitioner's sentences to run concurrently. Not only is there no reference to petitioner's state charges in the federal judgment and commitment order, but at the time the federal sentence was imposed, petitioner had not even been convicted on the unrelated state charges. Even assuming the federal judge intended the federal sentence to run concurrently with any possible state sentence, such an intention would not be controlling. The judge's recommendation is not binding and can be disregarded by the Attorney General. United States v. Huss, supra at 602; United States v. Tomaiolo, 294 F.Supp. 1296, 1299 (E.D.N.Y.1969).

■ In the absence of specific statutory authorization, the place and conditions of incarceration are matters of executive rather than judicial authority. See United States v. Huss, supra at 602. Similarly, the state judge was without authority to order

the state sentence to run concurrently with the federal sentence. *Spigner v. United States*, 452 F.2d 1208, 1209 (9th Cir. 1971); *Opela v. United States*, 415 F.2d 231 (5th Cir. 1969). *Cf. Lebosky v. Saxbe*, 508 F.2d 1047, 1049–50 (5th Cir. 1975). Furthermore, there is no presumption that sentences are to run concurrently when they are imposed by federal and state courts on wholly unrelated charges. *Gomori v. Arnold*, 533 F.2d 871, 875 (3rd Cir. 1976); *Verdejo v. Willingham*, 198 F.Supp. 748 (M.D.Pa.1961). Although it certainly is preferable for the sentencing judge to specify when the federal sentence will commence, the judge's failure to do so here does not make the rule of presumptive concurrency applicable.

Petitioner's contention that his sentence commenced on the day he was sentenced and returned to state custody is not novel. Although the Second Circuit has yet to rule on this precise question, the courts of other circuits have uniformly held that when a federal defendant is sentenced while in state custody, the federal sentence begins to run only when the defendant is released by the state authorities and taken into federal custody. *See Chaney v. Ciccone*, 427 F.2d 363, 365 (8th Cir. 1970); *Blackshear v. United States*, 434 F.2d 58, 59 (5th Cir. 1970); *United States v. Kanton*, 362 F.2d 178, 179–80 (7th Cir. 1966), *cert. denied*, 386 U.S. 986, 87 S.Ct. 1298, 18 L.Ed.2d 239 (1967); *Amirr v. United States*, 301 F.2d 662 (3rd Cir. 1962); *United States v. Tomaiolo*, 294 F.Supp. 1296, 1299 (E.D.N.Y. 1969). The Court finds these decisions persuasive.

Although petitioner did not raise the issue, in a well-briefed response from the United States Attorney's office it was noted that petitioner could argue his federal sentence should be credited with a portion of the time he was held by state authorities. This argument is based on *United States v. Gaines*, 436 F.2d 1069 (2d Cir.), *vacated and remanded*, 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428, *on remand*, 449 F.2d 143 (2 Cir. 1971). *Gaines* involved unusual circumstances which are quite different from those presently before this Court. After

being sentenced on federal charges, Gaines was returned to state custody to face a pending state prosecution on unrelated charges. State authorities incarcerated Gaines because he was unable to post the necessary state bond. Ultimately, the state charges were dismissed on the basis of newly discovered evidence and Gaines was transferred back to federal authorities. However, Gaines had been incarcerated for four months before being returned to federal custody. The Second Circuit held that Gaines was entitled to credit on his federal sentence for these four months. They reasoned that Gaines had been prevented from beginning his federal sentence solely because he lacked sufficient funds to post bond in the state court.

The instant case does not present a similar issue. Not only was petitioner convicted and sentenced on the state charges against him, but his state sentence was reduced by the time he spent in state custody awaiting the state prosecution. Petitioner's inability to begin serving his federal sentence here was due to his obligation to serve his state sentence. *Gaines* is inapposite.

Petitioner's habeas corpus petition is HEREBY DENIED.