**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jon Ronald BLANKENSHIP, Sr.,
Defendant-Appellant.**

No. 83–5517.

United States Court of Appeals,
Sixth Circuit.

Argued March 16, 1984.

Decided May 4, 1984.

Robert E. Hoehn argued, Nashville, Tenn., Court Appointed, for defendant-appellant.

Joe B. Brown, U.S. Atty., argued, William Cohen, Asst. U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

Before ENGEL and KRUPANSKY, Circuit Judges, and WEICK, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

Appellant Jon R. Blankenship, Sr., has appealed from an order of the United States District Court for the Middle District of Tennessee denying his motion filed pursuant to 28 U.S.C. § 2255 for a custody credit of six months, twenty-seven days against his federal sentence for time he was in state custody pending trial on unrelated state charges.

Appellant was arrested for burglary in Nashville on February 26, 1981 and was subsequently released on $2,500 bond. He was arrested a second time on March 26, also for burglary, and was again released on $5,000 bond.

When appellant failed to appear at trial, state capias warrents were issued, pursuant to which he was arrested and returned to state custody on September 23, 1981. Appellant's bonds were fixed at $15,000 surety.

Appellant's former cellmate agreed to advance the payment of $1,500 representing the fee for a $15,000 surety bond whereupon arrangements were made with a bondsman to appear and post the open court bond on October 8, 1981. Appellant's former cellmate failed to appear at the scheduled October 8th hearing and the bondsman refused to execute and post the mandated surety bond. The appellant was remanded to state custody. On October 22, 1981 a federal detainer was issued and filed against the appellant as a result of a federal indictment charging him with counter-

feiting. The federal court fixed appellant's recognizance at $50,000 surety which the appellant was unable to post.

On March 24, 1982 appellant received a five-year sentence on the federal charge. On May 11, 1982 he pleaded guilty to the state charges and was sentenced to two five-year terms, both to run concurrently with the federal sentence. On May 19, 1982 appellant was released into federal custody and began serving his federal sentence.

Appellant subsequently filed a motion with the district court seeking credit against his federal sentence for the time he was in state custody following the issuance and filing of the federal detainer. Upon remand from this court, an evidentiary hearing was conducted at the conclusion of which the district court decided that appellant's failure to affect his release from state custody resulted, not from the federal detainer, but rather, from the irresponsibility of his former cellmate, appellant's failure to post the surety bond for release on the state charges and his failure to seek a reduction of either or both state and federal bonds. Accordingly, the district court denied the appellant's motion noting also that he had already received state credit against his state sentence for the time he was in the state's custody on the state charges preliminary to his guilty plea admitting those charges on May 11, 1982.

■ Appellant's argument to sustain his motion is founded in 18 U.S.C. § 3568 and precedent resulting therefrom. Section 3568 directs that a prisoner in state custody who is foreclosed from obtaining his release on bail solely because of the issuance of a federal detainer resulting from a federal offense receive a credit against his federal sentence for the time of his confinement prompted by the federal detainer. Existing legal precedent finds support for this conclusion in the argument that continued state custody constitutes a practical equivalent of time served in connection with the federal offense for which the detainer was issued. See *Ballard v. Blackwell*, 449 F.2d 868 (5th Cir.1971); *Da-*

*vis v. Attorney General*, 425 F.2d 238 (5th Cir.1970); *United States v. Morgan*, 425 F.2d 1388 (5th Cir.1970).

■ However, the evolved legal precedent also teaches that the credit against the federal sentence attaches only when the federal detainer is the *exclusive* reason for the prisoner's failure to obtain his release on bail. In the case at bar, the appellant failed to post the mandated surety imposed as a result of the state offenses with which he was charged. It is apparent that the appellant having failed to post the necessary surety bond imposed by the state court on the state offenses, the federal detainer in no way impeded or affected his release from the continued confinement on the state charges.

Appellant's continued state confinement resulted from the abandonment of his cause by his family and friend and from his own curtailed efforts. Since appellant's failure to obtain release on bond was not caused by the federal detainer, he is not entitled to a credit against his federal sentence. *Shaw v. Smith*, 680 F.2d 1104 (5th Cir.1982); *O'Connor v. Attorney General*, 470 F.2d 732 (5th Cir.1972); *Boyd v. United States*, 448 F.2d 477 (5th Cir.1971); *United States v. McCrocklin*, 410 F.2d 1137 (6th Cir.1969).

Relying on *United States v. Gaines*, 436 F.2d 1069 (2d Cir.1971) *vacated and remanded*, 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428 *on remand*, 449 F.2d 143 (2d Cir.1971), appellant alternatively asserted that he was entitled to credit because of his indigence. The court in *Gaines, supra,* held that a prisoner who was unable to post bond was entitled to have confinement in state custody credited against his federal sentence when the state charges were subsequently dismissed. The court reasoned that since there was no state sentence against which to credit time accrued in presentence custody, the lengthier period of incarceration ultimately resulted solely from the prisoner's indigence. In the instant matter, however, there was a valid state conviction and a valid state sentence against which the pre-sentence time was

credited. *See also United States v. Grimes,* 641 F.2d 96, 99 n. 6 (3d Cir.1981). *Cf. Emig v. Bell,* 456 F.Supp. 24 (D.Conn. 1978); *Kincade v. Levi,* 442 F.Supp. 51 (M.D.Penn.1977). Appellant's pre-sentence incarceration was not based on indigence as in *Gaines,* but rather on his plea of guilty to the state charges. Hence the invidious wealth-based discrimination present in *Gaines* was absent.

In conclusion, appellant's failure to obtain his release on bond mandated by the state court on the state charges was not caused by the federal detainer issued against him, but by his failure to post bond. Appellant was given credit against his state sentence for pre-sentence custody on the state charges, and he is not entitled to a double credit against his federal sentence. The decision of the district court denying appellant's petition is, therefore, affirmed.