UNITED STATES of America, Plaintiff,

v.

Curtis Vaughan SHORT, Defendant.

No. CR–R–84–38–ECR.

United States District Court,
D. Nevada.

Nov. 26, 1985.

Brian L. Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Carter R. King, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

■ Defendant Short has filed a Fed.R. Cr.P. 35(b) motion to reduce the 18 months sentence imposed on him May 22, 1985, or, in the alternative, to grant him credit for time served awaiting trial while in the custody of the U.S. Marshal. The motion has been filed so as to avoid the 120–day limita-tion specified by the Rule to make such a motion. The defendant acknowledges that the real issue is whether credit against his sentence must be given for the time he was being held in a Montana prison because of a federal detainer and the time he was in the custody of the U.S. Marshal, both being in connection with the federal offense for which sentence was imposed. Affidavits have been submitted on behalf of the de-fendant to show that he would have been free on bail pending appeal of his Montana state conviction, but for the federal detain-er.

The circumstances are not appropriate for a discretionary reduction of sentence pursuant to Rule 35(b). See 9 Fed.Proc. L.Ed. § 22.970 (1982).

■ If the defendant's release on bail as to the state charges was prevented solely because of the federal detainer, he would be entitled to credit toward his federal sen-tence (provided he was not given credit for that time against his state sentence). *United States v. Dovalina,* 711 F.2d 737, 740 (5th Cir.1983); *United States v. Blank-enship,* 733 F.2d 433, 434 (6th Cir.1984).

■ According to the defendant's moving papers, he has requested the parole authorities to rule that he is entitled to the credit he seeks. This is an essential first step, for it is the administrative responsibil-ity of the Attorney General, the Depart-ment of Justice and the Bureau of Prisons to compute sentences and apply credit where it is due; it is not the province of the sentencing court. *United States v. Clay-ton,* 588 F.2d 1288, 1292 (9th Cir.1979); *Chua Han Mow v. United States,* 730 F.2d 1308, 1313 (9th Cir.1984). If the adminis-trative authorities fail to act within a rea-sonable time, perhaps a petition for a writ in the nature of mandamus might be appro-priate. On the other hand, if those authori-ties act by denying credit, review could be accomplished by a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984).

The defendant's Rule 35 motion is, therefore, DENIED.