786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD EARL GIPSON, Petitioner-Appellant,
v.
TONY R. YOUNG, WARDEN, Respondent-Appellee.
 85-5158
 United States Court of Appeals, Sixth Circuit.
 2/6/86
 
 1
 W.D.Tenn.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and GUY, Circuit Judges, and TAYLOR, District Judge*.
 
 
 3
 Petitioner is appealing from a judgment dismissing his petition for writ of habeas filed under 28 U.S.C. Sec. 2241. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 It appears from the record that in January of 1979 petitioner was serving a California sentence in a California state prison. On January 26, 1979, he was transported to the United States District Court for the Central District of California by writ of habeas corpus ad prosequendum to face criminal charges pending in that court. On April 23, 1979, petitioner was found guilty of armed robbery of a savings and loan association in violation of 18 U.S.C. Sec. 2113(a)(d). On May 22, 1979, he was sentenced to a 12-year prison term to be served consecutively to any state sentence. Petitioner should have been returned to the state of California to continue serving his state sentence after he was sentenced in federal court. However, for unexplained reasons, petitioner was transported to the United States Penitentiary, Leavenworth, Kansas, after his April 23, 1979 sentence. This error was soon discovered and on June 29, 1979, petitioner was returned to the state of California to serve the remainder of his state sentence. On November 12, 1982, petitioner was paroled from his state sentence to begin serving his federal sentence. At the time he filed his habeas corpus action, petitioner was a prisoner at the Federal Correctional Institution in Memphis, Tennessee. He has since been transferred to a federal prison in California.
 
 
 5
 In his habeas corpus application, petitioner makes three assertions:
 
 
 6
 1. That the time he spent in federal prison between execution of the writ ad prosequendum and his return to state custody (from January 26, 1979 to June 29, 1979) should have been credited against his federal sentence;
 
 
 7
 2. That the state of California in effect pardoned him when it surrendered him to federal custody pursuant to a writ of habeas corpus ad prosequendum; and
 
 
 8
 3. That since he was incarcerated in a federal prison following his federal conviction, his federal sentence began to run; thus, petitioner argues, his federal sentence expired and was satisfied when he was returned to state custody.
 
 
 9
 In his appellate brief, petitioner also argues: 1) that neither federal nor state judges have the authority to direct that a sentence be served concurrently or consecutively with that of another sovereign; and 2) that the U.S. Attorney General did not designate the federal sentence to be served consecutively to the state sentence.
 
 
 10
 In response to petitioner's application, respondent filed a motion for summary judgment. Petitioner filed two objections to the motion. By order filed December 28, 1984, the district court granted respondent's motion and dismissed the case.
 
 
 11
 Petitioner argues first that the time he spent in federal prison between January 26 and June 29, 1979, should have been credited against his federal sentence. 18 U.S.C. Sec. 3568 provides as follows:
 
 
 12
 The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense of acts for which sentence was imposed.
 
 
 13
 Although the mandate of Section 3568 seems clear, the provision does not require that the prisoner be given dual credit, that is, credit on both his state and federal sentences. Putt v. United States, 392 F.2d 64, 67 (5th Cir.), cert. denied, 393 U.S. 929 (1968); Bruss v. Harris, 479 F.2d 392, 394 (10th Cir. 1973); Shields v. Daggett, 460 F.2d 1060, 1061 (8th Cir. 1972); Siegel v. United States, 436 F.2d 92, 95 (2d Cir. 1970).
 
 
 14
 In the instant case, as an attachment to his motion for summary judgment, respondent submitted an affidavit of John Fanello, Administrative Systems Manager of the Federal Correctional Institution in Memphis, stating that the state of California granted petitioner credit for time served on his state sentence for the time he spent in federal custody on writ of habeas corpus ad prosequendum (from January 26 to June 29, 1979). Although Mr. Fannello's qualifications for making this statement may be called into question, petitioner failed to challenge the statement by serving opposing affidavits, as required by Rule 56(c), Federal Rules of Civil Procedure. Under these circumstances, respondent's uncontested assertion must be accepted as true. Fitzke v. Shappell, 468 F.2d 1072 (6th Cir. 1972). Therefore, the first issue presented in petitioner's habeas corpus application is without merit.
 
 
 15
 Petitioner next asserts that the state of California in effect pardoned him when it surrendered him to federal custody pursuant to a writ of habeas corpus ad prosequendum. It is clear, however, that a writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. The state does not lose its right to confine the defendant. Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). Therefore, petitioner's second argument is without merit.
 
 
 16
 Petitioner's third claim is that since he was incarcerated in a federal prison following his federal conviction, his federal sentence expired and was satisfied when he was returned to state custody. It appears, first, that the federal government did not lose jurisdiction over petitioner under the Interstate Agreement on Detainers Act, 18 U.S.C. App. The United States is a party to the Act. However, a writ of habeas corpus ad prosequendum issued by a federal court to state authorities, directing production of a state prisoner for trial and criminal charges, is not a 'detainer' within the meaning of the Act and thus does not trigger application of the Act. United States v. Mauro, 436 U.S. 340 (1978). As noted above, 18 U.S.C. Sec. 3568 provides that a 'sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.' However, when an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner upon conclusion of the proceedings in the receiving jurisdiction does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner. Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978), cert. denied, 441 U.S. 934 (1979); Burge v. United States, 332 F.2d 171 (8th Cir.), cert. denied, 379 U.S. 883 (1964); Application of Nelson, 434 F.2d 748, 750 (8th Cir. 1970). For these reasons, petitioner's third claim is without merit.
 
 
 17
 The claims raised for the first time in petitioner's appellate brief cannot be considered by this Court because they were not presented to the district court. Michigan Chemical Corp. v. American Mutual Reinsurance Co., 728 F.2d 374 (6th Cir. 1984); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 n.46 (6th Cir. 1983).
 
 
 18
 It appears that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 19
 Therefore, it is ORDERED that the judgment of the district court be and it hereby is affirmed.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation