**George W. JOHNSON, Petitioner,**

v.

**Robert L. MATTHEWS, et al.,
Respondents.**

**No. 89–3173–O.**

United States District Court,
D. Kansas.

Oct. 3, 1990.

See also, 917 F.2d 1283.

*Duhme & Co. v. Federal Deposit Ins. Corp.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

George W. Johnson, petitioner, pro se.

Jackie A. Rapstine, Asst. U.S. Atty., Topeka, Kan., for respondents.

## ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Penitentiary, Leavenworth, Kansas ("Leavenworth"), claims the Bureau of Prisons and the United States Parole Commission ("Commission") improperly revised his presumptive parole date. The government has filed its answer, and petitioner has filed a traverse.

Having reviewed the pleadings and materials filed in this action, the court makes the following findings and order.

*Factual Background*

Petitioner is presently serving a total aggregate sentence of 30 years. On March 26, 1985, petitioner was sentenced by the United States District Court for the Western District of North Carolina for bank robbery by use of a dangerous weapon pursuant to 18 U.S.C. §§ 2113(d) and 924(c). Petitioner was sentenced to a term of 20 years for the bank robbery and to a mandatory 5 year non-parolable term for the use of a dangerous weapon. On the same date, petitioner was sentenced by that court in a separate judgment for a second offense of bank robbery by use of a dangerous weapon, again pursuant to 18 U.S.C. §§ 2113(d) and 924(c). For this offense, petitioner received a second term of 20 years for bank robbery, to run concurrent with the earlier 20 year sentence, and a second mandatory 5 year non-parolable term for use of a dangerous weapon to run consecutive to the earlier non-parolable term. Petitioner was transferred to the Federal Correctional Institution–Memphis, Tennessee ("Memphis"), shortly after his sentencing.

Following a parole hearing conducted at Memphis in December 1985, petitioner received a notice of action from the Commission which showed a presumptive parole date of August 13, 1991. This notice was premised on the service of the 20 year concurrent sentences prior to the two 5 year consecutive sentences, and advised petitioner that this date was only the presumptive parole date to the 10 year consecutive non-parolable term.

Upon petitioner's arrival at Leavenworth, petitioner's sentence computation was reviewed by institutional staff and revised to comport with Bureau of Prisons Program Statement 5880.27, Non–Parolable Sentencing Provisions of the Comprehensive Crime Control Act of 1984. This action resulted in a sentence calculation based upon service of the two consecutive 5 year terms before service of the concurrent 20 year terms. Following this action, the Commission reopened petitioner's case and modified his presumptive parole date to April 28, 1998. This date will be reviewed upon petitioner's satisfaction of the non-parolable terms, and remains subject to further modification based upon petitioner's institutional conduct.

## Discussion

There is no merit to petitioner's argument that the Bureau of Prisons and the Commission improperly changed the sentence imposed by the district court. The power to compute criminal sentences and to apply proper credit lies not with the sentencing court, but with the Attorney General, the Department of Justice, and the Bureau of Prisons. *United States v. Clayton*, 588 F.2d 1288 (9th Cir.1979); *United States v. Short*, 623 F.Supp. 62 (D.Nev. 1985). The revision in petitioner's sentence computation at issue in this action is simply the exercise of this administrative authority.

Further, it is clear that the revision of petitioner's sentence computation was an appropriate application of 18 U.S.C. § 924(c), under which petitioner was sentenced. This section was amended by Congress as part of the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, 98 Stat. 1837 (1984). The amendment created a mandatory sentence for the use of a dangerous weapon during the commission of a crime of violence "without the possibility of the sentence being made to run concurrently with that for the underlying offense ... and without the possibility of a probationary sentence or parole." Report of Senate Committee on the Judiciary, S.Rep. No. 225, 98 Cong., 2d Sess. 313 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3491.

The legislative history of this amendment clearly demonstrates that the mandatory sentence is to be served before any other. The report of the Senate Judiciary Committee regarding the amendment to § 924(c) describes exactly the circumstances presented in this action:

> [T]he Committee intends that the mandatory sentence under the revised subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense. For example, a person convicted of armed bank robbery in violation of section 2113 ... (d) and of using a gun in its commission ... would have to serve five years ... before his sentence for the conviction under section 2113 ... (d) could start to run. Finally, a person sentenced under the new subsection 924(c) would not be eligible for parole. (Report of Senate Committee on the Judiciary, S.Rep. No. 225, 98 Cong., 2d Sess. 313–14 (1983), *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3492.)

In view of the clear legislative intent that a mandatory sentence imposed under 18 U.S.C. § 924(c) be served before any additional sentence, this court finds no error in the revision of petitioner's sentence computation, and concludes the revision was in no way contrary to the order entered by the sentencing court.

IT IS THEREFORE ORDERED that this action is hereby dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to petitioner and to the office of the United States Attorney.