977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven J. MILLER, Petitioner-Appellant,
v.
J.J. CLARK, Warden, Respondent-Appellee.
 No. 91-6456.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Steven J. Miller (AKA Paul Michael Hussey, Michael McTier), a federal prisoner proceeding without assistance of counsel, appeals from the judgment of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Miller requests appointment of counsel.
 
 
 2
 Miller was arrested on March 20, 1982, in California and charged with robbery and attempted murder (Case No. 82 F 198). Bail was set at $75,000 (March 23, 1982). Miller was charged with a second count of robbery for which bail was set at $7,000 (Case No. 82 F 202). He remained in state pretrial custody until his conviction on two counts of robbery on October 4, 1982. He was sentenced to 8 years and 8 months imprisonment. He received credit against his state sentence for the time from his arrest to the date of conviction. He also received "PC Credit" for a total of 299 days.
 
 
 3
 A federal arrest warrant was issued for Miller while he was serving his state sentence (warrant dated December 16, 1982). He was taken into federal custody on a writ of habeas corpus ad prosequendum on December 20, 1982, where he remained until his conviction for armed bank robbery (May 9, 1983). Miller was sentenced to 15 years imprisonment to be served concurrently with the state sentence; was given credit for time served; and, was returned to California to serve his sentence in a state prison.
 
 
 4
 Seeking approximately 330 days of credit against his federal sentence for armed bank robbery, Miller filed a claim under 18 U.S.C. § 3568 (applicable to persons convicted prior to November 1, 1987) in which he argued that he should be given credit for time that he spent in state pretrial custody for which he was unable to make bail due to a federal detainer. Miller argued that he is entitled to credit against his federal sentence for two blocks of time. The first period is from the date an alleged federal detainer was lodged, to the date of his state court conviction. The second period is the time he was in federal custody on a writ of habeas corpus ad prosequendum.
 
 
 5
 The case was submitted to a magistrate judge who recommended that Miller's application for habeas corpus relief be denied. The district court held that Miller was not entitled to both state and federal sentence reductions due to pretrial custody on the state charge. From that judgment Miller appeals. The district court has certified that the appeal appears to be taken in good faith.
 
 
 6
 Upon review, we find no error. Miller was duly credited with the time spent in California's pretrial confinement against his state sentence. He is not entitled to double credit against his federal sentence for the same pretrial incarceration. United States v. Blankenship, 733 F.2d 433, 434 (6th Cir.1984). He was also given credit against his state sentence for the entire period during which he was in the custody of federal officials prior to his sentencing in the federal court. He is not entitled to further credit for the same period against his federal sentence. 18 U.S.C. § 3568.
 
 
 7
 Accordingly, the request for appointment of counsel is hereby denied and the judgment of the district court is hereby affirmed for the reasons set forth in the magistrate judge's report and recommendation dated April 24, 1991, as adopted by the district court in its order of dismissal dated June 14, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.